THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. MARSAELLES MULLIN ET AL., DEFENDANTS IN ERROR.

Argued November 2, 1898—Decided February 27, 1899.

Where the plaintiff claims that a nervous condition has resulted from an accident for which the defendant is responsible, the defendant may show the existence of a fact other than the accident, from which it may reasonably be inferred the nervous condition has sprung.

---

On error to the Essex Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON and DIXON.

For the plaintiff in error, *Riker & Riker*.

For the defendants in error, *Samuel Kalisch*.

The opinion of the court was delivered by

Dixon, J.   The plaintiff sued to recover compensation for injuries caused by the derailing of the defendant's car, in which she was a passenger, on October 23d, 1897.   Among the effects which, at the trial in April, 1898, she claimed had resulted from the accident, was a nervous condition unfitting her for her usual employment.   On cross-examination of the plaintiff she testified that she had married on March 2d, 1897, but was not living with her husband, and defendant's counsel then proposed to ask her whether there had been any difficulty in family matters between herself and husband, in order to lead the jury to the belief that her nervous condition sprang from this cause rather than from the accident. Counsel for the plaintiff having objected, the court excluded the inquiry, the defendant took exception and has assigned error thereon.

We think the inquiry was legitimate.   Counsel for the defendant disavowed any intention of going into details, and therefore nothing in the nature of confidential communications between husband and wife was to be exposed.   With that limitation we do not see why the defendant had not a right to make the inquiry proposed.   A woman's nervous condition may undoubtedly be caused by domestic trouble, and if it appeared that the plaintiff had such trouble, resulting in a separation from her husband within a year after marriage, the jury might reasonably conclude that her nervous condition was traceable to that source, and so was not attributable to the accident as an element of damage for which compensation should be awarded.

For this error the judgment must be reversed and the record remitted for a *venire de novo*.