Argued October 12, affirmed November 16, rehearing denied December 14, 1926.

# ROSE JOSEPH v. MEIER & FRANK COMPANY.

(250 Pac. 739.)

**False Imprisonment—Evidence as to Confiscation Held Inadmissible to Refute Plaintiff's Claim of Nervous Condition from False Imprisonment.**

1. To refute plaintiff's claim of nervous condition as result of alleged false imprisonment, evidence consisting of records of federal court as to confiscation of plaintiff's automobile for transporting liquor *held* inadmissible, in absence of evidence showing such loss caused plaintiff to worry.

**Appeal and Error.**

2. Rejection of evidence creates no cause for complaint, where other evidence was admitted which apprised jury of facts attempted to be shown.

**False Imprisonment.**

3. In action for false imprisonment, justification must be specially pleaded, and is not available under general issue.

**False Imprisonment.**

4. Where defendant in action for false imprisonment did not plead justification, jury was properly instructed not to consider whether restraint was justifiable.

**False Imprisonment.**

5. Allegation of complaint that false imprisonment was without justification did not relieve defendant of burden of pleading justification.

**False Imprisonment.**

6. Defendant's motive is not essential to plaintiff's cause of action for false imprisonment, since it can be considered only in mitigation of damage.

Appeal and Error, 4 C. J., p. 1010, n. 7.
Evidence, 22 C. J., p. 85, n. 72.
False Imprisonment, 25 C. J., p. 530, n. 62, p. 531, n. 73, p. 535, n. 41, 52 New, p. 545, n. 90, 92, p. 546, n. 5, 7.
Pleading, 31 Cyc., p. 68, n. 76, p. 202, n. 24.

2. See 2 R. C. L. 255.
3. See 11 R. C. L. 819.
6. See 11 R. C. L. 794.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

This is an action for false imprisonment. Plaintiff, while a customer at the department store owned by the defendant company in the City of Portland, was, according to her complaint, accused by special agents of defendant of having stolen a small piece of jewelry from one of the counters. She says that she was compelled, against her will and consent, to submit to a search of her person and was subjected to great intimidation, humiliation and abuse. It is asserted that this . alleged unlawful restraint of her liberty was "all without justification, legal warrant of arrest, search-warrant or excuse and all against the will and protest of plaintiff." Defendant joined issue by a general denial. The cause was submitted to a jury and a verdict was returned in favor of plaintiff for $5,000. On appeal, defendant assigns only two errors, viz.: (1) "That the Court erred in excluding from the evidence the records of the District Court of the United States for the District of Oregon, relating to the confiscation and forfeiture of the automobile of the plaintiff." (2) "That the Court erred in instructing the jury in effect that they could not consider whether or not plaintiff was lawfully restrained or whether or not defendant was justified in its actions."        AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Joseph, Hamey & Littlefield,* with an oral argument by *Mr. John C. Veatch.*

For respondent there was a brief over the name of *Messrs. Flegel, Reynolds, Flegel & Smith,* with an oral argument by *Mr. John W. Reynolds.*

BELT, J.—1, 2. Relative to the question of damages, plaintiff offered evidence tending to show that, as a direct and natural result of the alleged false imprisonment, she suffered extreme physical and mental pain. According to her contention, she had a nervous breakdown and was confined to her bed for several weeks under the care of a physician and nurse. In response to a hypothetical question, expert medical witnesses testified that, in their opinion, the condition could reasonably be attributed to her treatment by defendant. To refute such claim and to show that her nervous condition was not the result of the alleged false imprisonment, but that it was due to other causes, defendant offered in evidence certain records of the federal court relative to the confiscation, on account of the transportation of intoxicating liquors, of an automobile owned by plaintiff and in possession of her son. We think this offer was properly rejected. There is no evidence that the loss of the automobile caused plaintiff to worry. In fact she testified that it did not. It is argued, however, that the jury might have drawn the reasonable inference to the contrary, but, even so, it could not, upon such inference, have based the further inference that her nervous condition was caused by such worry: *Deniff* v. *Charles R. McCormick & Co.,* 105 Or. 697 (210 Pac. 703), and cases therein cited. This evidence offered by defendant did not have any more probative value than it would merely to have shown that plaintiff had an uncle in Paris who had recently died. If there had been evidence tending to show

that the loss of the automobile caused plaintiff to worry, a different question would be presented. *Consolidated Traction Co.* v. *Mullin,* 63 N. J. L. 22 (42 Atl. 764), apparently supports the contention of appellant, but there is such a meager statement of the case in the opinion we do not feel justified in accepting it as controlling in the instant cause. Furthermore, appellant has no cause to complain of the rejection of its offer for the reason that other evidence was admitted which, without doubt, apprised the jury of the fact that plaintiff's automobile had been confiscated. In fact, plaintiff admitted such to be true. Under any view, there was no need thus to encumber the record.

3, 4. There was no error in instructing the jury, in effect, that they were not to consider whether the restraint placed upon plaintiff was lawful or justifiable. Justification was not an issue under the pleadings. It is well established in this jurisdiction and elsewhere that justification must be specially pleaded. It is not available under the general issue: *Knight* v. *Baker,* 117 Or. 492, 244 Pac. 543; *Springer* v. *Jenkins,* 47 Or. 502 (84 Pac. 479); *Konigsberger* v. *Harvey,* 12 Or. 286 (7 Pac. 114); *Adair* v. *Williams,* 24 Ariz. 422 (210 Pac. 853, 26 A. L. R. 278); 25 C. J. 534. The allegation in the complaint that plaintiff was restrained of her liberty "without justification" was not essential and might well be rejected as surplusage. At most it amounted only to a conclusion of the pleader upon which no issue could have been joined. No doubt the pleader, by including the above-quoted phrase, purposed to show that the restraint of her liberty was unlawful. In some jurisdictions it is held that where the pleader unnecessarily anticipates the defense of justification, it relieves defendant

of the necessity specially to plead it (*Strain* v. *Irwin,* 195 Ala. 414 (70 South. 734), but such ruling, we have held in analogous cases, does not obtain here: *McIntosh Live Stock Co.* v. *Buffington,* 116 Or. 399 (241 Pac. 393). In *Konig* v. *Nevada-California-Oregon Ry.,* 36 Nev. 181 (135 Pac. 141), it was held that contributory negligence to be available as a defense must be pleaded and it was further said:

"It will not suffice if the defendant in an action of this character merely denies the allegation of plaintiff, wherein the latter avers the negligence of the defendant, even though he negative negligence or fault on his part."

Also in support hereof, see *Hudson* v. *Wabash Western R. Co.,* 101 Mo. 13 (14 S. W. 15).

5, 6. It is not intended nor do we announce a hard and inflexible rule that a pleader may not so completely anticipate a defense as to relieve defendant of the duty of specially pleading it. Suffice it to say, in the instant cause the allegations relative to unlawful restraint of plaintiff's liberty did not relieve defendant of the burden of pleading justification if it desired to avail itself of that defense. If the same allegations had been made by defendant in its answer, it certainly would not have amounted to a plea of justification. The only issue involved in this case was whether the plaintiff had been unlawfully restrained of her liberty or falsely imprisoned and, if so, the amount of damages sustained as the direct and proximate result thereof. The motive of the defendant or that it had probable cause for believing that plaintiff had stolen the bar-pin were matters which could only be taken into consideration in mitigation of damages. They were not essential to plaintiff's cause of action. This is not an action for ma-

licious prosecution. The trial court did not reject any evidence offered which tended to disprove plaintiff's cause of action.

This cause was submitted under clear and accurate instructions and the finding of the jury is conclusive. Judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.