Argued November 20, 1958, reversed and remanded April 1,
petition for rehearing denied June 10, 1959

## McNEFF *v.* HEIDER

337 P. 2d 819
340 P. 2d 180

*W. C. Winslow,* Salem, argued the cause for appellant. With him on the briefs was Norman K. Winslow, Salem.

*Glenn R. Jack,* Oregon City, and *Philip A. Levin,* Portland, argued the cause for respondent. With them on the brief were James O. Goodwin and Mitchell & Harris, Oregon City.

Before Perry,* Chief Justice, and Rossman, Lusk, Warner, Sloan and O'Connell, Justices.

PERRY, J.

This is an action brought by the plaintiff against the defendant to recover damages upon two causes of action, the first being for false arrest and imprisonment, and the second, for conversion of agricultural

---

* Chief Justice when case was argued.

products, resulting in plaintiff's loss of his transportation lien.

The plaintiff sought and recovered both general damages and exemplary damages upon each cause of action. The defendant appeals, setting forth sixteen assignments of error.

In general, the facts are as follows: The defendant was the owner and holder of a chattel mortgage upon a truck and trailer owned and operated by the plaintiff. The plaintiff used this truck and trailer to transport property for hire in the states of Oregon, Washington and California. The chattel mortgage provided for payments to be made monthly by the plaintiff to the defendant; these payments had not been made in accordance with the mortgage contract and the defendant sought to repossess himself of the mortgaged security. For this purpose defendant sent his son to repossess the truck and trailer. The son located the plaintiff with the truck in Wasco County, Oregon, and demanded the immediate possession of the property. At that time the plaintiff was headed south with his load. The plaintiff refused to surrender possession of the property, and instead of continuing south drove the truck to a ferry and went back north into the state of Washington. The son notified his father (the defendant) of these facts. The defendant then drafted the following telegram to the sheriff of Klickitat County in the State of Washington, which telegram purported to come from the constable at Sheridan, Oregon, but in fact was sent by defendant with the permission of the constable:

"To Sheriff's Office          Dated April 2, 1952
County of Klickitat
Goldendale, Washington

"Pick-up and hold a 1947 dual drive Kenworth

truck, license T36720, Motor No. NHBS665019, with a three-axle pull trailer, 1947 Utility Van, with sleeping compartment, Serial No. 17543, License T36721, color truck red, color trailer aluminum, may be marked Exley on side. Truck and trailer stollen and driven by Cecil A. McNeff or alternate driver. Hold and wire me at my cost or phone 2522 Sheridan. Seven warrants out for his arrest in California. Driving with no insurance, P.U.C. or license. He is a bad egg. Now going South on 97 in next 24 hours.

> "Lucius F. Miller
> Constable
> Sheridan, Oregon"

The plaintiff was stopped by the state police in the state of Washington, placed under arrest and confinement. The defendant then repossessed himself of the truck and trailer. The defendant did not cause a warrant for the arrest of the plaintiff to be issued in the state of Oregon or Washington, and the plaintiff was subsequently released by the Washington authorities.

We will not consider the defendant's assignments of error seriatim, but will first consider defendant's assignment of error No. 8, which we are of the opinion requires a reversal of this cause.

Defendant requested the following instruction:

"You are instructed that a bailee, with or without hire, including every mortgagor of personal property having possession of the property mortgaged and before it is fully paid for, who embezzles or wrongfully converts to his own use or secretes or conceals with intent to convert to his own use, or fails, neglects or refuses to deliver, keep or account for according to the nature of his trust, any money or property of another delivered or intrusted to his care, control or use, which is prop-

erty within the meaning of ORS 164.310, shall be deemed guilty of larceny.

"You are instructed that the truck and trailer involved was property within the meaning of the section just above referred to and you are further instructed that if plaintiff violated the law as I have given it to you in this instruction, such violation constituted a felony."

This requested instruction was refused by the trial court and no instruction defining the crime of larceny by bailee was given. Of this the defendant complains.

The plaintiff in his complaint alleged he was, at the instance of the defendant, "seized and placed under arrest and accused of the crime of grand larceny and larceny by bailee"; that he was not guilty of this crime, but was wholly innocent.

By answer, the defendant denied he caused plaintiff's arrest upon these charges, and as a separate defense alleged in substance that the defendant was, in fact, guilty of the crime of larceny by bailee.

■■ The issue thus raised by the defendant's request for this instruction is whether or not proof of the fact that the plaintiff was guilty of the crime of larceny by bailee presented an issue material to a proper determination of the case.

In an action for false imprisonment, neither actual malice nor want of probable cause is an essential element necessary to a recovery of general damages. *Brown v. Meier & Frank Co.*, 160 Or 608, 86 P2d 79; *Paget v. Cordes*, 129 Or 224, 227 P 101; *Joseph v. Meier & Frank Co.*, 120 Or 117, 250 P 739. For, if the imprisonment is wrongful, the injury suffered is as great whether the motive be good or evil and the party wronged should be awarded such damages as will vindicate the trespass upon his person.

In this case the defendant filed a plea of justification. Even though that plea is rejected because the arrest was wrongful, nevertheless, when a party seeks punitive damages, as does the plaintiff, motive which may or may not disclose actual malice becomes important, *Christ v. McDonald*, 152 Or 494, 52 P2d 655, *Joseph v. Meier & Frank Co.*, supra, for the issue thus tendered is whether or not a defendant making or causing an arrest and imprisonment is actuated by proper or improper motives, since the recovery sought is not merely for compensation for injuries suffered, but also to punish and warn against the malicious violation of personal rights.

It must, therefore, follow that the defendant was privileged to show that his actions which led to the arrest and imprisonment of the plaintiff were not actuated by malice, but in an honest belief that the plaintiff was guilty of a felonious taking of property.

For the jury to evaluate whether or not there were facts from which the defendant, as a reasonable man, could conclude that the crime of larceny by bailee was being committed, it was necessary to inform them as to the nature of the crime itself.

■■■ The defendant moved for a directed verdict. This motion was denied and the denial thereof assigned as error. The defendant based his motion upon two propositions: First, that the evidence discloses the plaintiff was guilty of larceny by bailee and other crimes at the time of his arrest and therefore the arrest was justified; second, the defendant was not the cause of plaintiff's arrest and confinement.

Defendant's contention, that plaintiff was guilty of larceny by bailee, is based upon his belief that the

evidence conclusively shows plaintiff violated ORS 165.010.①

With this contention we cannot agree.

While it has been said a felonious intent to defraud is not an essential ingredient of the crime of larceny by bailee, *State of Oregon v. Cahill,* 208 Or 538, 293 P2d 169, 298 P2d 214, 352 US 895, 77 S Ct 132, 1 L ed2d 87, *State v. Chapin,* 74 Or 346, 144 P 1187, an examination of these cases discloses that the property wrongfully used was moneys intrusted to the defendant for a certain purpose and was used in a manner contrary to the provisions of the trust. Thus, where the facts disclose a violation of the terms of a trust, then the only intent that must be proven is the intent to do the act prohibited by the terms of the trust agreement. In other words, it is no defense for a bailee to say, "While I used or disposed of the property contrary to the terms of my trust, I did not intend to deprive the bailor thereof." *State of Oregon v. Cahill,* supra.

Assuming, where the relationship of mortgagee and mortgagor exists, this statute can be interpreted so as to include as a criminal act the refusal of a mortgagor to deliver the property on demand, in case of a breach of the terms of the mortgage contract, such agreement to deliver on demand would have to be found

---

① (1) Any bailee, with or without hire, including every mortgagor of personal property having possession of property mortgaged, or any purchaser or lessee of personal property obtaining the possession thereof under a written or printed contract of conditional sale providing that title thereto shall not vest in the purchaser until the unpaid balance of the purchase price is wholly paid for, and before it is wholly paid for, who embezzles or wrongfully converts to his own use, or secretes or conceals with intent to convert to his own use, or injures, destroys, sells, gives away or removes from the county where situated when obtained, without the written consent of the bailor or vendor, or fails, neglects or *refuses to deliver,* keep or account for, according to the nature of his trust, any money or property of another delivered or intrusted to his care, control or use, which is property within the meaning of ORS 164.310, shall be deemed guilty of larceny and shall be punished as provided in ORS 164.310. (Italics ours)

within the terms of the contract for this instrument would disclose the nature of the trust.

Nowhere in the mortgage contract of these parties is there to be found any agreement of the mortgagor to voluntarily surrender up the mortgaged property to the mortgagee on demand in case of a default.

The default of the plaintiff gave rise to a right in the defendant to the immediate possession of the truck and trailer, but this right of possession could be enforced only in a lawful manner. Therefore, while the defendant had a right to the possession of the mortgaged property, the refusal of the plaintiff to peacefully surrender the property and require the defendant to resort to an action in replevin to gain that possession cannot be termed a "failure" or "refusal" to deliver the property according to the nature of the trust.

The plaintiff's refusal to deliver the property on demand, coupled with his actions in fleeing the state of Oregon and changing his planned trip after the demand for possession of the mortgaged property had been made by the defendant, could give rise to the thought that the plaintiff intended to deprive the defendant of his rights in and to the property as prohibited by ORS 165.010, supra. What his intention was, however, would of necessity be for the determination of the jury.

■ The defendant also contends this assignment of error should be sustained because the plaintiff was operating the truck in the state of Washington without P.U.C. plates, and the sheriff of Klickitat county, to whom the telegram was sent, testified he would have arrested the plaintiff for this violation.

It is a general rule of law that "A person unlawfully arresting another for one offense cannot, when

sued for false imprisonment, justify on the ground that the one arrested was guilty of some other offense, for which the arrest under the circumstances would have been legal, or because reasonable grounds existed for an arrest for such other offense." 64 ALR 653, annotation.

■ We find no merit in defendant's contention that the evidence conclusively shows the defendant was not the cause of plaintiff's arrest and confinement. While the sheriff of Klickitat County, Washington, testified:

"I paid no attention to anything [presumably to the telegram and telephone conversations with the defendant] until I had some friends out to dinner that noon from that area. This gentleman said to me, 'I met one of the biggest trucks.' I had him describe it. He lives in a sparsely settled community and they very seldom see a truck like that on this road. I got active. We called the state patrolman and went at it."

there is ample evidence in the record from which a jury could conclude that the arrest was made at the instigation and request of the defendant.

■ The defendant also assigns as error the failure of the trial court to strike the evidence relative to the plaintiff being handcuffed by the officers of the state of Washington at the time of his arrest. It is the defendant's contention that since he was not present nor directing the arrest he cannot be responsible for this aggravation of damages.

The defendant relies upon a rule of law followed in some, but not in all, jurisdictions, that one who causes an unlawful arrest cannot be held liable for exemplary or punitive damages merely by reason of the wanton, oppressive or malicious conduct of his agent. See 22 Am. Jur. 439, False Imprisonment § 134.

In *Spain v. Oregon-Washington R. & N. Co.*, 78 Or 355, 153 P 470, the plaintiff, suing for false arrest and imprisonment, was permitted to recover general damages for an assault committed by an agent of the principal in ejecting plaintiff from the defendant's train and causing him to be incarcerated in a city jail, the court stating (p. 362): "* * * the tort was a continuing one including all the discomforts of the jail in which he was confined; and the mere fact the conductor and watchman [agents of the defendant] were also peace officers will not relieve the defendant of liability for their tortious acts."

Therefore, the evidence was admissible to prove the general damages suffered by the plaintiff.

■ The defendant also assigns as error the action of the trial court in sustaining objections to questions asked by the defendant of the plaintiff relating to prior arrests and confinements in jail. The plaintiff concedes this to have been error, but harmless since the defendant himself later testified to these facts.

We agree this was error, but the error was cured by the later introduction of evidence of these facts.

■ The defendant also assigns as error the trial court's use of the term "moneylender" instead of the word "mortgagee" in an instruction given by the court. The term "moneylender" may be considered by some to be a word of reproach and its use should be avoided.

Since this matter must be retried, it is not necessary for us to consider the question raised as to the amount of punitive damages allowed in the verdict of the jury.

The defendant sets forth other assignments of error. We have examined each and find them without merit.

Reversed and remanded for new trial.

## ON PETITION FOR REHEARING

W. C. Winslow, Salem, for the petition for appellant.

Jack, Goodwin & Santos, Oregon City, Philip A. Levin, Portland, and Mitchell & Harris, Oregon City, for the petition for respondent.

Before PERRY,* Chief Justice, and ROSSMAN, LUSK, WARNER, SLOAN and O'CONNELL, Justices.

PERRY, J.

Both the plaintiff and the defendant have filed petitions for a rehearing of the issues in this Court.

The plaintiff's petition asks that, even though his first cause of action cannot be sustained and must be retried, his second cause, being free from reversible error, should be sustained and the judgment of the trial court, based upon the verdict of the jury, reinstated.

Plaintiff relies upon the general rule cited in 5B CJS 407, Appeal & Error, § 1916:

"Where plaintiff in his pleading sets up several counts or several causes of action and error is committed as to only part of them, the judgment, if capable of separation, should be affirmed in part

* Chief Justice when case argued.

and reversed in part. On the other hand, where the issue or count infected by error cannot be segregated, the judgment will be reversed in toto."

The difficulty with plaintiff's position is that the reversible error which infects plaintiff's first cause of action also infects the judgment rendered upon the second cause of action. The second cause of action is based upon the conversion of articles being transported by the plaintiff as a bailee and as to this cause of action the plaintiff sought damages, both' general and punitive, which were recovered. If punitive damages are to be imposed, then the jury must find that the defendant, in taking possession of the truck containing the articles, acted maliciously and in utter disregard of the rights of the plaintiff. Since whether or not the defendant so acted is so interwoven with the question of the lawful or unlawful arrest, we were and now are of the opinion that the error which infected the first cause of action goes to the merits of the allowance of punitive damages under the second cause of action and it was necessary that the judgment be reversed in toto.

■ In our original opinion we disapproved of the use of the term "moneylender" as used in the following instruction:

"In repossessing personal property, the mortgagee or money lender has no right to resort to self help or to take the law in his own hands where the borrower or mortgagor resists and places his person in a position which obstructs the mortgagee or money lender so that in order to repossess the chattel he would of necessity apply force in such case, it is the duty of the mortgagee or money lender to desist from such effort to physically repossess, and he must resort to the aid of legal process which in such case would mean the com-

mencement of a civil suit for the foreclosure of his mortgage or for possession of the mortgaged property. In such cases, if the mortgagee or money lender proceeds in defiance of the objections and resistance of the mortgagor or the borrower, the lender becomes the aggressor and would render himself liable for damages occasioned thereby."

The defendant in his petition for rehearing again calls our attention to the fact that the last sentence of this instruction is not applicable under the issues presented in this case. We agree that the issue of liability for damages for breach of the peace or conversion of the truck is not present and that portion of the instruction could be misleading and prejudicial and should be eliminated from the instruction.

We find no merit in the defendant's other assignments seeking a rehearing.

Both petitions are denied.