## FABISH, *Respondent,*
### *v.*
## MONTGOMERY WARD AND COMPANY, *Appellant.*

553 P2d 1057

*H. Kenneth Zenger,* of Zenger and Huffman, Hillsboro, argued the cause and filed a brief for appellant.

*R. Ryan Lawrence,* Portland, argued the cause and filed a brief for respondent.

DENECKE, C. J.

## DENECKE, C. J.

The plaintiff received a jury verdict in this false imprisonment case and the defendant store appeals. The initial issue concerns instructions given and requested relating to "reasonable cause."

■ The store's employe testified she saw the plaintiff take a book off the shelf and walk out with it without paying for it. The plaintiff testified he had purchased the book earlier at another store and brought the book with him into defendant's store. Unquestionably the defendant detained plaintiff. The issue was whether the store was justified in doing so.

ORS 131.655 provides that if the merchant has probable cause for believing that a person has committed theft in the store, the merchant can detain and interrogate the suspect. It further provides that such probable cause is a defense to a false imprisonment action by the person detained.

The trial court instructed that the defendant would have probable cause if its employe reasonably believed the plaintiff took the book "without knowledge or consent of the defendant Montgomery Ward & Company, with the intent to convert to his own use without paying the purchase price for the goods." The defendant excepted to the giving of such instruction because the court set out the elements of the crime of theft. Defendant contends the court erred in failing to give its requested instruction that if the defendant's employe had "probable cause to believe that he [plaintiff] had stolen the property in question from defendant's store," defendant would be justified in detaining plaintiff.

In this case in which the principal issue was whether the book belonged to plaintiff or to defendant, it was unnecessary to set out the elements of the crime of theft. *Cf McNeff v. Heider,* 216 Or 583, 589, 337 P2d 819, 340 P2d 180 (1959). It would have been sufficient to instruct as defendant requested; however, it is not error to set out the elements of the crime of which plaintiff is suspected.

■ In addition to $3,300 general and special damages, the jury awarded plaintiff $5,000 punitive damages. Defendant contends the trial court erred in refusing to withdraw the claim of punitive damages from the jury.

Plaintiff testified that repeatedly during his one-hour detention he asked the defendant to be allowed to use the telephone and prove the book was his and that these requests were denied. If the jury found defendant so acted, the allowance of punitive damages was proper to deter this type of conduct. In *Lukas v. J. C. Penney Co.*, 233 Or 345, 362-363, 378 P2d 717 (1963), relied upon by the defendant, there was no such evidence of aggravated conduct.

Affirmed.