Argued July 1, affirmed September 10, petition for
rehearing denied October 13, 1964

# DELP *v.* ZAPP'S DRUG & VARIETY STORES ET AL

## 395 P. 2d 137

*James W. Lock,* Gresham, argued the cause for appellant. With him on the briefs were McAllister, Burns, Gustafson & Lock, Gresham.

*James H. Clarke,* Portland, argued the cause for respondent Violet D. Wood. *A. Allan Franzke,* Portland, argued the cause for respondents Zapp's Drug & Variety Stores and Mathew Zapp, Jr. With them on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, and Koerner, Young, McColloch & Dezendorf and Richard S. Borst, Portland.

Before Rossman, Presiding Justice, and Sloan, Goodwin, Denecke and Lusk, Justices.

DENECKE, J.

The plaintiff customer instituted an action for false imprisonment against the defendant Zapp's Drug & Variety Stores, a storekeeper, and the defendant Wood, a private detective. Upon trial the court directed a verdict in favor of all the defendants.

Zapp's is a self-service store. The plaintiff testified she came into Zapp's carrying a large turkey and a half gallon of milk that she had purchased at a grocery store. She picked up a package of Rit, which apparently is a small package of dye. She believes she first carried this in her hand and later put it in the shallow pocket of the jacket she was wearing. Mrs. Delp, the plaintiff, did not testify why she put the Rit in her pocket, but the inference can be drawn from her testimony that she did so because she was handling other merchandise. She took some other small items of merchandise from the counters and put them in the bag in which she was carrying her groceries.

Mrs. Delp came to the check-out counter and paid for all the merchandise she had picked up in the store except for the Rit. After paying the cashier, but before plaintiff went out of the store, Mrs. Wood, the detective, came up to her. Mrs. Wood asked plaintiff to come to the back of the store. Plaintiff asked "Why?" and Mrs. Wood said they would tell plaintiff when they got back there.

The two went to a room at the back of the store. When they arrived in the room Mrs. Wood asked if plaintiff did not have something in her pocket that she had not paid for. Plaintiff testified that at this

time, "I felt around and looked around and spied this package of Rit in my pocket, and I felt down and took it out, and said, 'Well, I didn't mean to steal anything like this or take this.' I said, 'I will pay for it,' * * * ."

Mrs. Wood testified she saw Mrs. Delp pick up the Rit, walk around with it in her hand, and then put it in her pocket. Mrs. Wood notified the store manager of these events. The manager subsequently assisted plaintiff in looking at electrical cords. This was prior to the plaintiff's coming to the check-out stand.

I

The defendants alleged in their answer that if the plaintiff was detained, reasonable cause existed for believing that the plaintiff had committed the crime of shoplifting.

Oregon statutes provide that a merchant with "reasonable cause" to believe that a person has committed shoplifting may detain and interrogate such person for a reasonable time, in a reasonable manner.[1]

---

[1] ORS 164.392(1), (2): "(1) Notwithstanding ORS 133.550 and subsection (2) of ORS 133.560, a peace officer, merchant or merchant's employe who has reasonable cause for believing that a person has committed the crime of shoplifting under subsection (1) of ORS 164.390 may detain and interrogate such person in regard thereto in a reasonable manner and for a reasonable time.

"(2) Where a peace officer, merchant or merchant's employe, with reasonable cause for believing that a person has committed the crime of shoplifting as defined under subsection (1) of ORS 164.390, detains and interrogates him in regard thereto, and such person thereafter brings against the peace officer, merchant or merchant's employe a civil or criminal action for slander, false arrest, false imprisonment, assault, battery or wrongful detention based upon the detention and interrogation, such reasonable cause shall be a defense to the action if the detention and interrogation were done in a reasonable manner and for a reasonable time."

We have construed "reasonable cause," as used in this statute, to have the same meaning as the same phrase is used in the statute authorizing an arrest without a warrant if a felony has been committed and there is "reasonable cause for believing the person arrested to have committed it." ORS 133.310. *Lukas v. J. C. Penney Co.,* 233 Or 345, 361, 378 P2d 717 (1963).

██ In this latter case we stated the accepted rule that "reasonable cause" is a question of law for the court. This is also the rule followed in deciding the question of "probable cause" in malicious prosecution actions. *Kuhnhausen v. Stadelman,* 174 Or 209, 310-311, 148 P2d 239, 149 P2d 168 (1944). However, if the facts are disputed, the jury must decide the facts, except that, even though the facts are disputed, the court decides the question of reasonableness, as a matter of law. The court performs this function, when the facts are disputed, by instructing the jury that if it finds the facts to be so and so, then such facts do, or do not, constitute reasonable cause; or, the court concludes that, accepting the disputed facts in the light most favorable to the plaintiff, such facts support only one conclusion,—the defendant had reasonable cause to believe the plaintiff had committed shoplifting.

The facts here on the issue of reasonable cause are undisputed, with one exception. It is conceded that the plaintiff put the Rit in her pocket and went through the checkstand without paying for it. Plaintiff testified the Rit package "wasn't very concealed  *  *  *; it protruded about half an inch or so." Mrs. Wood said the Rit was not visible above the pocket line. In determining whether defendants had "reasonable cause," we must accept plaintiff's testimony as correct.

The shoplifting statute, ORS 164.390(1), defines the crime as the taking of possession of merchandise, with the intent to convert to his own use, without paying the price. Plaintiff's taking with the intent to convert to her own use is admittedly present. If the Rit were completely concealed upon plaintiff's person it would appear there would be no question of the storekeeper's having "reasonable cause" to believe she did not intend to pay for it.

■ We conclude that the defendant acted with reasonable cause although the item was not wholly concealed. To hold otherwise would be to hold that a merchant would not have reasonable cause to believe shoplifting had been committed if the suspected person, who is walking out of the store with unpaid merchandise, has unskillfully failed to completely conceal the merchandise from the scrutiny of the detective.

It should be borne in mind, assuming the facts to be as testified to by the plaintiff, that the choices of this court are (1) to conclude defendants had reasonable cause, as a matter of law, or (2) they did not have reasonable cause, as a matter of law. We are not confronted with the problem we frequently have in negligence cases,—is it the court's function, or the function of the jury, to decide whether defendant acted reasonably? In this type of case, assuming the facts most favorable to plaintiff, it is solely the court's function to determine whether defendant's conduct was reasonable or not.

*Bettolo v. Safeway Stores,* 11 Cal App2d 430, 54 P2d 24 (1936), is similar to the present case. The plaintiff took groceries from the shelves of the defendant store and placed them in his carrying bag. He took candy and put it in his pocket. He went through

the checkstand where he exhibited and paid for only the groceries. Two employees had observed him put the candy in his pocket. They followed him out to the walk and forced him to return. The court held the defendant had reasonable cause to detain plaintiff.

In *Lukas v. J. C. Penney Co.,* supra (233 Or at 362), we, in effect, held that the evidence most favorable to the plaintiff did not constitute reasonable cause for the defendant to detain plaintiff. As stated in the opinion, the jury could have found the defendant did not make a reasonable search to determine whether the dress plaintiff was accused of taking was actually missing; or, the jury could have found that the defendant did, in fact, know the dress was not missing. If either fact were true we held that the defendant did not have reasonable cause to believe plaintiff had shoplifted the dress. Here, it is admitted plaintiff took out merchandise without paying for it.

## II

■ ■ If the detention is for reasonable cause the defendant may still be liable if the detention is not in a reasonable manner and for a reasonable time. This is a jury question unless the court concludes, as the trial court did here, that accepting the evidence most favorable to plaintiff, the detention was reasonable. *Brown v. Meier & Frank Co.,* 160 Or 608, 616, 86 P2d 79 (1938).[9]

If there was a detention, the duration, according to plaintiff's testimony, was approximately 30 minutes. The plaintiff contends the detention was unreasonable in time and manner because of defendant's continual asking plaintiff for her name and, upon plaintiff's con-

---

[9] However, this is not a universally accepted principle. See cases collected 35 CJS 760, n 27, False Imprisonment § 59.

tinual refusal to give such information, plaintiff's continued detention to enable the defendant to call law enforcement officials to ask their assistance.

■ The trial court found, as a matter of law, that the detention of a person who, with reasonable cause, is suspected of being a shoplifter, for the purpose of learning the suspect's name, is reasonable. We concur.

Plaintiff told defendants, in effect, that she failed to pay for the Rit because of inadvertence. Defendants were attempting to determine whether this was true or whether Mrs. Delp was shoplifting, as defendant had reasonable cause to believe she was. The most basic information to assist in making this determination is the suspect's name. From the name, the police can report whether or not plaintiff is known to them; other store employees might recognize the name. We know from common experience that the first inquiry of anyone questioned with respect to almost any event is, "What is your name?"

In the leading case of *Collyer v. S. H. Kress Co.*, 5 Cal2d 175, 54 P2d 20 (1936), the plaintiff was detained upon the suspicion that he was a shoplifter. Part of the duration of the detention was due to defendant's asking plaintiff his name and address, which plaintiff refused to state. A part of the time was also to await the arrival of the police. The court held, as a matter of law, that his detention was reasonable in time and manner.

### III

In the present case the plaintiff walked out of defendant's store before the deputy sheriff arrived. Two of Zapp's Stores employees followed her in a Volkswagen. Plaintiff testified she was afraid they were going to run her down. She asked them what they were

doing and they said they had caught her shoplifting and they were following her.

Defendant's motion to strike this testimony upon the ground that it did not constitute a detention was granted. Plaintiff assigns granting of the motion to strike as error. The motion to strike was correctly granted.

■ Surveillance does not constitute the confinement necessary to maintain the tort of false imprisonment. 1 Restatement 69, Torts, § 36, states:

"(1) To make the actor liable for false imprisonment * * * the other's confinement within the boundaries fixed by the actor must be complete.
"* * * * *

"(3) The actor does not become liable for false imprisonment * * * by intentionally preventing another from going in a particular direction in which he has a right or privilege to go."[9]

### IV

After plaintiff had left Zapp's a deputy sheriff arrived in response to Mrs. Wood's call. Mrs. Wood got into the car with him and they drove to the place where Mrs. Wood pointed out Mrs. Delp to the officer. Mrs. Wood told the officer that Mrs. Delp had picked up the Rit, put it in her pocket, and while she had paid for other items, she had not paid for the Rit. This, of course, is what all parties agree occurred.

Mrs. Wood took no other material part in what later transpired.

---

[9] In Forster v. Manchester, 410 Pa 192, 189 A2d 147 (1963), surveillance by an insurance investigator of a personal injury claimant was held not to be an invasion of the plantiff's right to privacy or intentional infliction of emotional distress. Pinkerton National Detective Agency, Inc. v. Stevens, 108 Ga App 159, 132 SE2d 119 (1963), held such surveillance could amount to a tortious invasion of plaintiff's right to privacy.

The officer stepped out of his car and asked plaintiff her name and address. According to plaintiff, she gave him this information upon his initial request. The officer required the plaintiff to take out all the items in her shopping bag and he checked these against the sales slip. He then got in his car and radioed in asking for a report on Mrs. Delp. The officer asked Mrs. Delp if she would get into his car. She did and stayed there for 20 to 30 minutes. The officer received a report that there was no record on Mrs. Delp; he asked Mrs. Wood if she was going to prefer charges and she said, "No." Mrs. Delp left.

■ Plaintiff contends that the officer wrongfully detained her and that the defendants are liable for this detention. Assuming the officer did effect a detention of plaintiff, we hold that the defendants are not liable for such detention.

The law is stated by Harper and James as follows: "Where the officer arrests at the direction of a private citizen, the latter is liable * * *. The fact that the officer rather than the citizen actually makes the arrest is immaterial if the former acted entirely at the direction of the latter. The citizen is regarded as the 'cause' of the arrest. If, however, the individual merely lays the facts before the officer and the latter, acting on his own judgment and discretion, makes the arrest, the former is not liable * * *." 1 Harper and James, The Law of Torts, 279, § 3.18 (1956).

This is the same principle that is applicable in the law of malicious prosecution. If a full disclosure of the facts is made to an officer and the officer decides to prosecute, the person furnishing the officer with the facts is not liable for malicious prosecution. This is the law, even though the informant is motivated by

malice. *Humbert v. Knutson et al*, 224 Or 133, 137-141, 354 P2d 826 (1960).

*Hughes v. Oreb,* 36 Cal2d 854, 228 P2d 550 (1951), is an illustration of the application of this principle to an action for false imprisonment. The defendant, Oreb, had about 100 silver dollars stolen from his home. He reported the theft and the defendant police officers were investigating. Oreb operated a bar. The day after the theft plaintiff was in Oreb's bar where he ordered two drinks and paid for each with a silver dollar. Oreb called the defendant officers. When the officers arrived Oreb pointed plaintiff out as the man who was spending silver dollars. The officers arrested plaintiff. The court reversed a directed verdict in favor of the officers, but affirmed the nonsuit granted to Oreb. The court held that instigating an investigation, giving information, and identifying to the officers the party arrested is not sufficient to render one liable for an arrest that is unlawful. Other decisions so holding are collected in Prosser, Torts (3d ed), 60, n 93-95, § 12.

Officer Lynn's testimony of the information stated to him by Mrs. Wood is not completely in accord with either plaintiff's or Mrs. Wood's testimony. According to Lynn, Mrs. Wood told him that when she asked Mrs. Delp to step to the back of the store, Mrs. Delp walked out of the store. The version given by all other witnesses is that Mrs. Delp did go to the back of the store when requested, and walked out later. This variation is regarded as minor and not affecting the officer's decision to detain Mrs. Delp, if she was detained.

The trial court was correct in determining that the defendant did not expressly or impliedly direct the officer to make any detention of plaintiff.

Judgment affirmed.

SLOAN, J., dissenting.

The trial court and the majority here treat the events recited in the opinion as separate and distinct acts of the defendant. I cannot agree. If it be granted that there was probable cause to detain plaintiff when she left the check-out counter, there was no probable cause therefor to believe her a thief and to pursue and later again apprehend her. The sum total of the conduct of the parties should have been submitted to the jury. The judgment should be reversed.