Argued June 6, reversed and remanded September 10, petition
for rehearing allowed December 30, 1969, petition for
rehearing withdrawn March 20, 1970

BOWL-OPP, INC., *Appellant, v.* BAYER ET AL,
*Respondents.*

458 P. 2d 435

*Roger L. Meyer*, Portland, argued the cause for appellant. With him on the briefs were Sabin, Newcomb, Sabin & Meyer and Jack B. Schwartz, Portland.

*Leo Levenson*, Portland, argued the cause and filed a brief for respondent Howard I. Bobbitt.

No appearances for respondents Lewis F. Bayer, J. Sheldon Baker and William M. Carroll.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an action upon a guaranty. Plaintiff appealed from a judgment entered on a jury verdict for defendants.

Defendants were the sole stockholders of a corporation, Town & Country Bowl, Inc. (Town & Country) which was organized to construct and operate a bowling alley. Town & Country entered into an agreement with North American Capital Corporation (North American), whereby North American committed itself to lend to Town & Country 50% of the appraised value of the bowling alley and the land upon which it was to

be built. The loan was not to exceed $300,000. The appraisal was to be made by an appraiser appointed by North American. The loan was to be secured by a first mortgage upon the building and premises, except that North American agreed to subordinate its mortgage to any lien for heating and air-conditioning equipment. Town & Country then secured a construction loan from a bank for the purpose of building the structure. The loan from North American was for the purpose of paying the bank's loan at the completion of construction.

The structure and land was appraised by the appraiser appointed by North American at a gross value of $610,000. When the appraiser deducted the vendor's lien upon the heating and air-conditioning equipment, it left a net appraisal of $592,831.55. There was substantial evidence that North American refused to loan more than $250,000. Town & Country wanted and requested the full $300,000. North American loaned $300,000, but in addition to the mortgage upon the premises, it required and secured the personal guaranty of each of the defendants of that part of the loan in excess of $250,000.

Town & Country defaulted on the loan and North American assigned the note, mortgage and guaranty to plaintiff who sued Town & Country on the note and foreclosed the mortgage. Subsequent to the commencement of the foreclosure proceedings, Town & Country became bankrupt. Upon foreclosure, the property was purchased by plaintiff for $250,000. After application of plaintiff's bid, a balance of $47,320.21 remained unpaid upon the note. Plaintiff then brought this proceeding on defendants' guaranty for that amount.

Defendants pleaded an affirmative defense of lack of consideration. They contended that North American was already required by the terms of its commitment and the amount of the appraisal to loan the full $300,000, and, therefore, there was no new consideration. They argued that there was nothing in the commitment agreement which indicated that it was Town & Country's equity which was to be appraised and that the full $300,000 was justified by the gross appraisal of $610,000. They also argued that Town & Country's equity in the property was actually worth at least $600,000, and, therefore, North American was obligated by its commitment to loan $300,000.

The issue of whether North American was obligated to loan the full $300,000 under the commitment and thus whether there was adequate consideration was submitted to the jury, and, in view of the verdict, was necessarily found adversely to plaintiff. Plaintiff's first contention is that the evidence presented no such issue and that the trial court erred in failing to grant its motion for a directed verdict. It contends that North American was, as a matter of law, not obligated to loan $300,000 and that the amount between that which North American was obligated to loan and the $300,000 which it did loan was adequate consideration for the guaranty taken from defendants.

■ When all of the correspondence between North American and Town & Country is taken into consideration, together with the fact that the purpose of the appraisal was to form a basis for loaning money, it is clear that it was the intent of the parties that the appraisal was to be of Town & Country's equity. No other intention would make sense. If defendants' contention were correct, North American would have been obli-

gated to loan $300,000, even if there had been encumbrances on the property amounting to its full value. The appraisal was $592,831.55 which obligated North American to loan $296,415.77. The difference between that sum and the $300,000 actually loaned was, as a matter of law, consideration for defendants' guaranty.

■ North American's commitment was to loan 50% of the appraiser's evaluation. In the absence of any showing of fraud or bad faith by the appraiser, the value of the property, insofar as the commitment was concerned, was not open to question. The value was governed by the appraiser's evaluation.

Plaintiff was entitled to a directed verdict in conformance with the prayer of its complaint because the testimony is uncontroverted that the defendants signed the guaranty and there was no issue of fact to be submitted to the jury concerning lack of consideration. There was consideration as a matter of law.

■ Defendants now appear to contend that the guaranty was the product of duress. There is evidence that North American refused to loan more than $250,000 unless it received the personal guaranty even though defendants were entitled to a loan of $296,415.77. It may have been that because of North American's breach, the defendants had no alternative but to acquiesce in North American's demand for the personal guaranty. However, duress is an affirmative defense and must be specially pleaded, and evidence to establish it is not admissible under a general denial. *Horn v. Davis*, 70 Or 498, 508, 142 P 544 (1914). No such defense was pleaded by defendants and the issue of duress was not litigated in the trial court. Some of the defendants alleged that North American wrongfully

refused to honor its commitment but only as part of the defense of lack of consideration. No instructions on duress were given to the jury, nor, insofar as the records show, were any such instructions requested.

██ Defendants seem to urge that if the guaranty was the result of duress, there was no consideration. A contract can result from duress and also have consideration. Lack of any or adequate consideration can be some evidence of duress, but they are separate and unrelated defenses. In the present situation, the loan of $3,584.23 in addition to the amount for which North American was committed was consideration. It is too late now to try the case on an issue which was not presented at the trial level. We have no way of knowing what defense, if any, the plaintiff might have had to such a contention by defendants had the issue been litigated.

The judgment of the trial court is reversed and the case is remanded for the entry of a judgment for plaintiff against all defendants in conformance with the prayer of plaintiff's complaint.