Argued May 5, reversed with instructions September 8, 1972

# FLEET, *Appellant, v.* MAY DEPARTMENT STORES, INC., *Respondent.*

500 P2d 1054

594

*Paul R. Duden,* Portland, argued the cause for appellant. With him on the briefs were Edwin J. Peterson and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief were Clarence R. Wicks, Charles F. Hinkle, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.
Plaintiff filed this action for damages, charging

defendant with false imprisonment in her first cause of action, and malicious prosecution in the second. The jury returned a verdict for plaintiff on both, plus punitive damages in the cause of action for malicious prosecution. The trial court entered a judgment n.o.v. on both causes of action and alternatively ordered new trials. Plaintiff appeals.

The evidence received was as follows. Plaintiff testified that she went to defendant's store in the Lloyd Center in Portland to purchase some sunglasses. She walked to the first of two counters displaying sunglasses and selected two pair. Plaintiff testified that she had lots of time and was "browsing" around, looking at counters of beads, handbags and scarves. She was holding the sunglasses in her hand and carrying her purse over her arm as she walked down the aisle toward another counter displaying more sunglasses and a counter of greeting cards.

Plaintiff was arrested for shoplifting while she was standing near the greeting card display. Plaintiff testified:

"Q. Describe for us what happened when Mrs. LeCornu [store detective] came up to you at the card counter.

"A. Well, she came up behind me and tapped me on the shoulder, and said had I made a mistake back there, or had I forgotten something, or something like that. And I said no, I hadn't. And she said, 'Well, you haven't paid for these glasses.' And I said, 'Well, I'm not through.' And she said, well, she was a store detective, or something like that, and I'd better come downstairs with her, which I did."

The store detective who arrested plaintiff had finished her training in security about one month

before the incident. Her testimony contradicted plaintiff's in several particulars. She testified that plaintiff acted suspiciously and kept looking around while trying on the glasses. She also stated that plaintiff removed the price stickers from the glasses and carried the glasses between her body and the purse. She estimated plaintiff had moved approximately 150 feet after she selected the glasses and that plaintiff could have paid for the glasses at one of the two sunglass counters. However, she stated that there was no cash register at the display where plaintiff selected the glasses.

Plaintiff testified that it was possible that she removed the price tags but to the best of her recollection she did not.

After being arrested, plaintiff was taken to a downstairs room where she remained for 45 minutes to one hour. She was questioned for 15 or 20 minutes by the store detective, and later by another individual who started to look through her billfold. When plaintiff told him he had no right to do so, he ceased, but told plaintiff, "Well, we can search you completely if we wanted to." The store detective wrote out a confession and told plaintiff she had to sign it, but she refused. The police were called and subsequently defendant charged plaintiff with petty larceny under a city ordinance. Plaintiff was acquitted.

The jury returned a verdict for plaintiff, and the trial court granted the judgment n.o.v. on plaintiff's cause of action for false imprisonment on the grounds that defendant had reasonable cause to believe plaintiff had committed the crime of shoplifting and that the detention of plaintiff was also reasonable.

■ The rule is well established in this state that the question of whether "reasonable cause" existed for defendant to believe plaintiff had committed the crime of shoplifting is one of law for the court to decide. *Delp v. Zapp's Stores,* 238 Or 538, 542, 395 P2d 137 (1964); *Lukas v. J. C. Penney Co.,* 233 Or 345, 361, 378 P2d 717 (1963). However, when the facts are in dispute, the court submits the evidence to the jury with instructions as to what will amount to reasonable cause if proved. *Lukas v. J. C. Penney Co.,* supra. The sole function of the jury is to determine the facts.

■ In the instant case the facts relating to the questions of reasonable cause to arrest were clearly in dispute, particularly as to whether plaintiff was "browsing" or acting suspiciously, whether plaintiff removed the price tags, and the manner in which plaintiff was carrying the glasses—in her hand or concealed between her purse and her body. The trial court allowed the jury to resolve the disputed facts and instructed them as to what facts constituted "reasonable cause." This was the appropriate procedure to follow in the instant case, and it was error for the court to set aside the verdict.

The question of whether plaintiff's detention was reasonable was also a question for the jury. *Delp v. Zapp's Stores,* supra at 545; *Lukas v. J. C. Penney Co.,* supra at 362. The jury was entitled to consider whether a detention of 45 minutes to an hour, the presence of four employees, the examination of plaintiff's billfold, references to a complete search of plaintiff, and the statement that plaintiff had to sign the confession constituted a reasonable detention under the circumstances. Therefore, it was also improper for the court

to conclude that the detention was reasonable as a matter of law.

The judgment n.o.v. should not have been granted as to plaintiff's first cause of action.

The court also allowed defendant's alternative motion for a new trial on plaintiff's cause of action for false imprisonment. The order was based in part on the defendant's motion and in part on the court's own motion. We conclude that the court erred in both instances.

■ In the motion for a new trial, defendant contended, and the court agreed, that the court erred in failing to give an instruction that the store detective did have reasonable cause for believing that plaintiff had committed the crime of shoplifting. This was tantamount to directing a verdict on this feature and was properly refused, because, as we have stated previously, the evidence was conflicting and presented a question for the jury.[1]

The court also granted a new trial on defendant's motion for failure to give all of the following requested instruction:

"If you find from a preponderance of the testimony and evidence in this case that defendant's security employees, in detaining and questioning the plaintiff, did so in a reasonable manner and for a reasonable time, the plaintiff would have no

---

[1] The court is not required to submit disputed facts to the jury in every instance. The court may conclude as a matter of law, considering the evidence in the light most favorable to the plaintiff, that reasonable cause existed to believe plaintiff committed the crime of shoplifting. Delp v. Zapp's Stores, 238 Or 538, 542, 395 P2d 137 (1964). However, in the instant case, considering the evidence most favorably to plaintiff, defendant did not have "reasonable cause" to believe plaintiff had committed the crime of shoplifting.

right to recover damages from the defendant for false arrest or false imprisonment, *and your verdict should be against the plaintiff and in favor of the defendant on plaintiff's first cause of action."*

■ The court gave all of the above instruction except the part italicized. Granting a new trial on this ground was patently erroneous. See *Ginter v. Handy*, 244 Or 449, 419 P2d 21 (1966).

■■ The trial court also granted a new trial on its own motion on plaintiff's first cause of action, because of four instructions given the jury. While the trial court is authorized to grant a new trial on its own motion because of errors of law, although no objections were made or exceptions taken during the trial, the rule has an important qualification: "* * * [T]he error must have been prejudicial and it must have prevented the party * * * from having his case fairly presented and tried, * * *." *Timmins v. Hale*, 122 Or 24, 32, 256 P 770 (1927).

It is not necessary to set forth all the instructions verbatim. The court instructed the jury that the first cause of action involved the issues of whether defendant had reasonable cause to arrest plaintiff and whether the detention was reasonable; if probable cause to arrest existed, the jury still must decide if the detention was reasonable. These were proper instructions.

The court also instructed the jury that a merchant may detain a person suspected of a crime only for the purpose of investigating the crime and not for some other purpose.

The defendant argues that the instruction would allow the jury to infer that a merchant could not ask a suspected shoplifter his name and address or back-

ground information. We do not believe a jury could be so misled; such questions are normal and relate to the investigation of a crime.

The remaining instruction reads:

"You will find defendant had such reasonable cause—if you find from the preponderance of the evidence that the defendant had reasonable cause to believe that plaintiff was wilfully concealing or took possession of goods offered for sale by defendant without the knowledge or consent of the defendant, with the intent to convert goods to her own—to her own use without paying the purchase price for the goods, if you should not so find, you'll find that it did not have reasonable cause."

■ The defendant contends that the court should have instructed the jury to (1) determine what facts would, and what facts would not, amount to reasonable cause; (2) determine what the facts and circumstances surrounding plaintiff's arrest were; and (3) then determine whether the facts as found were such as to establish or not establish reasonable cause.

The defendant took no exception to the instruction. If it wanted an instruction as indicated above, it should have so requested. In fact, the instruction given was almost exactly the same as the one requested by defendant.

We find that no error was committed by the court during trial of plaintiff's first cause of action, and it was therefore error for the court to enter a judgment n.o.v. or order a new trial in the alternative.

■ The trial court also granted a judgment n.o.v. on plaintiff's second cause of action for malicious prosecution on the grounds that the evidence failed to show

that defendant acted without probable cause and with malice in prosecuting plaintiff for petty larceny under the Portland municipal ordinance.

■ As in plaintiff's cause of action for false imprisonment, the question of whether there existed probable cause for defendant to initiate a criminal action is one of law. *Shoemaker v. Selnes et al,* 220 Or 573, 581, 349 P2d 473, 87 ALR2d 170 (1960); *Kuhnhausen v. Stadelman,* 174 Or 290, 310-11, 148 P2d 239, 149 P2d 168 (1944). Where the facts under which the defendant acted are in dispute, it is the function of the jury, not the court, to resolve the dispute. Under such circumstances, the court is required to submit the disputed questions of fact to the jury with instruction that certain facts, if found to exist, do or do not constitute probable cause. *Shoemaker v. Selnes,* supra at 581.

As we have related above, a substantial conflict existed in the evidence, particularly as to whether plaintiff removed the price tags; whether the glasses were concealed by plaintiff; and whether plaintiff's actions were suspicious, or were merely the actions of one browsing in a store. This being the case, it was the duty of the trial court to submit the disputed questions of fact to the jury.

■ Regarding the question of malice, the test is whether the defendant's conduct was motivated by a purpose other than to bring plaintiff to justice. Prosser, Torts 848, § 119 (4th ed 1971); 1 Harper & James, The Law of Torts 320, § 4.6 (1956); 1 Restatement of Torts 423, § 668. *See Stamper v. Raymond,* 38 Or 16, 22, 62 P 20 (1900). Where there has been a criminal prosecution, instituted without probable cause, the jury is permitted, but not required, to infer malice.

*Ira v. Columbia Food Co. et al,* 226 Or 566, 574, 360 P2d 622, 86 ALR2d 1378 (1961).

As mentioned above the facts surrounding the question of probable cause were in dispute. Therefore, the jury was entitled to consider whether the defendant's conduct was malicious.

The judgment n.o.v. on the second cause of action should not have been granted.

The trial court allowed a new trial for having given the following instruction:

"It's claimed by the plaintiff in her second cause of action that the defendant acted maliciously and without probable cause in obtaining and prosecuting the complaint against the plaintiff in Municipal Court.

"In this connection, I instruct you that the plaintiff must prove to you by a preponderance of the evidence that the proceedings were initiated without probable cause, and primarily because of a purpose other than that of bringing the plaintiff to justice. I instruct you that the proceedings against the plaintiff were initiated without probable cause if you find the defendant to not have an honest and reasonable belief to support each of the following elements of the crime charged:

"One, that the plaintiff intentionally stole, took and carried away the property of the defendant;

"Two, the plaintiff in so taking, stealing and carrying away said property intended to deprive the defendant of the propety permanently; and

"Three, the defendant did not consent to the carrying away of the property."

■ Defendant argues that the words "carried away" in the above instruction could have led the jury to believe that it was necessary for plaintiff to have

taken the sunglasses out of the store before she would be guilty of petty larceny. Asportation, or "carrying away" as the term is generally defined in instructions to the jury, is a necessary element of the crime of petty larceny. If the defendant wanted a more restrictive instruction to the effect that asportation could have been accomplished without the plaintiff removing the sunglasses from the store premises, it should have presented such an instruction to the court.

In any event, it is difficult to see how plaintiff could have been prejudiced by the court giving the instruction on petty larceny, which was the crime charged against plaintiff by defendant. Immediately following this instruction, the trial court gave an instruction defining shoplifting and then gave defendant's requested instruction as follows:

> "If you find that the plaintiff did, in fact, wilfully conceal or take possession of the sunglasses without the knowledge or consent of Meier & Frank Company, Lloyd Center store, and with the intent of converting the sunglasses to her own use without paying the purchase price thereof, then she cannot recover from the defendant in this case, and your verdict must be against the plaintiff and in favor of the defendant on both plaintiff's causes of action."

The court told the jury that they must find for defendant if plaintiff "wilfully concealed or took possession of the glasses." In effect, the jury was told that defendant had probable cause to believe that plaintiff had committed the crime of petty larceny if plaintiff concealed the glasses. This dispels any notion that it was necessary for plaintiff to carry the glasses out of the store before defendant had probable cause.

The last question presented is whether the trial

court erred in an instruction on punitive damages and in submitting punitive damages on plaintiff's second cause of action to the jury. We find no error in the instruction.[2]

As to the propriety of the court submitting the question of punitive damages to the jury, this court stated the following in *Alvarez v. Retail Credit Ass'n,* 234 Or 255, 381 P2d 499 (1963);

"In this state, if there is enough evidence of want of probable cause and of malice to go to the jury at all, then the element of punitive damages must remain in the case. * * *" 234 Or at 266.

Dean Prosser states the following regarding the awarding of punitive damages in a malicious prosecution case:

"Because of the intentional and outrageous

---

[2] The court gave the following instruction which is one of the standard Jury Instructions prepared by the Oregon State Bar:

"If you have found that plaintiff is entitled to general damages on the second cause of action, you shall then consider whether to award punitive damages on the second cause of action. Punitive damages are awarded to the plaintiff in addition to general damages, in order to discourage the defendant and others from engaging in wanton misconduct. Wanton misconduct is conduct amounting to a deliberate disregard of the rights of others, or of reckless indifference to such rights.

"In considering punitive damages, you first must determine whether the defendant was guilty of wanton misconduct, which was a cause of damage to the plaintiff. If you decide this issue against the defendant, you may award punitive damages, although you're not required to do so, since punitive damages are discretionary.

"If you decide to award punitive damages, you may properly consider the following items in fixing the amount:

"First, the character of the defendant's conduct;

"Second, the defendant's motive; and

"Third, the amount of damages, which will be required to discourage the defendant and others in engaging in such conduct in the future. The amount of punitive damages may not exceed the sum of $10,000.00."

nature of the tort, malicious prosecution is peculiarly adapted to the award of punitive damages, and it is agreed generally that the jury may award them when they find personal ill will or oppressive conduct in the prosecution." Prosser, Torts 850, § 119 (4th ed 1971).

We conclude that the case was fairly tried and without error in the instructions. The fact that the verdict was substantial is not a factor to be considered. The trial court erred in granting a judgment n.o.v. on both causes of action and granting new trials in the alternative.

Reversed with instructions to reinstate the original judgment.