Argued October 10, reversed and remanded December 19, 1974

HYLTON, *Appellant, v.* PHILLIPS ET AL, *Respondents.*

529 P2d 906

*Gary E. Norman,* Albany, argued the cause and filed a brief for appellant.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and HOWELL, Justices, and SLOPER and LEAVY, Justices pro tempore.

McALLISTER, J.

This is an action for false imprisonment, sometimes called false arrest,[1] by the plaintiff Douglas Wayne Hylton, against Gary S. Phillips and Richard J. Bay, both Marion County deputy sheriffs. The court tried

---

[1] Prosser, Law of Torts, 42 (4th ed 1971).

the case without a jury and found for the defendants. Plaintiff appeals—we reverse.

Although there is some dispute about details, there is no dispute about the controlling facts. Sometime prior to April 16, 1973 Gary and Wayne Cox, doing business as Cox Construction Company, arranged with plaintiff to construct for them a heavy equipment trailer. The Coxes agreed to furnish the materials and plaintiff agreed to do the fabricating in his shop at "the old flax plant" near Jefferson in Marion County for $100. The Cox Construction Company also occupied a portion of the old flax plant. The job took longer than plaintiff estimated, but by the evening of April 16 the trailer was nearly completed. The Coxes requested Hylton to finish the trailer that evening because they needed to use it early the next morning. Plaintiff declined to work any longer on the trailer at that time and told the Coxes they could use the trailer in the condition it was then in. The Coxes removed the trailer from plaintiff's shop and completed construction of the trailer on their own. About two days later the trailer was parked empty on the old flax plant premises approximately 75 to 100 feet from the plaintiff's shop. That evening Hylton rolled the trailer into his shop where he chained it to a post and then locked the shop.

The following morning, Friday, April 20, the Cox brothers arrived at the flax plant area to pick up the trailer for another job and found that the trailer was missing.

They went to plaintiff's shop, looked in the window, and discovered that the trailer was chained to a wall inside the plaintiff's shop. At that point both Cox

brothers went to the Marion County sheriff's office in Salem where they talked to Lt. Bay, one of the defendants. The Cox brothers told him about the controversy and in particular that plaintiff had built the trailer for them at their request and that he had not yet been paid for his work. In response to an inquiry by Bay the Cox brothers told him that no lien had been filed. Thereafter Lt. Bay instructed Deputy Sheriff Phillips to go to the Jefferson flax plant and investigate the incident. Deputy Phillips testified that Lt. Bay instructed him, if he could, to induce the plaintiff to return the trailer to the Cox brothers. Lt. Bay further instructed Phillips that if plaintiff refused to return the trailer to the Cox brothers he should arrest the plaintiff. Lt. Bay acknowledged on cross-examination that he may well have made such a statement.

In the early afternoon of Friday, April 20, Deputy Phillips went to the flax plant and there talked to Gary Cox. While he was talking to Gary Cox plaintiff drove out of the flax plant area and was followed and stopped by Deputy Phillips within a quarter mile or so of the flax plant. At that time plaintiff told Deputy Phillips the same story about the trailer that the Cox brothers had told Lt. Bay earlier in the day. After some conversation with plaintiff, Deputy Phillips told plaintiff that unless he released the trailer to the Cox brothers he would be arrested. Plaintiff asked permission to consult with his attorney before deciding whether to release the trailer, but was denied that privilege by the deputy. Hylton then refused to return the trailer to the Cox brothers and was arrested.

When Phillips arrested plaintiff he searched him and then handcuffed his hands behind his back. The

deputy then released plaintiff so that plaintiff could drive his panel truck back to his shop. Thereafter plaintiff was again handcuffed with his hands behind his back and was placed in the back seat of the patrol car in front of his place of business. After plaintiff had remained in the police car for about an hour, Deputy Phillips again approached the plaintiff and requested permission to remove the trailer from plaintiff's shop. At that time plaintiff consented to the removal of the trailer and requested that the entire matter be dropped and that he be released. Deputy Phillips declined to release plaintiff but did remove the trailer from Mr. Hylton's shop and turned it over to the Cox brothers.

Plaintiff was then taken to the Marion County Courthouse where he was arraigned before a District Court judge. At that time no complaint had been filed by either the Cox brothers or the district attorney. Plaintiff did, however, inform the district judge of the circumstances which prompted him to take and maintain possession of the trailer. After some conversation between the judge, Deputy Phillips, and a deputy district attorney, the matter was continued for an hour and plaintiff was confined in the jail on the fourth floor of the Marion County Courthouse. Immediately after locking plaintiff in the jail Deputy Phillips conferred with the deputy district attorney, who advised him to try and persuade plaintiff to sign a release in an effort to avoid the possibility of any liability for false imprisonment.

Phillips presented the release to plaintiff in jail and told him as soon as it was signed he would be released. Plaintiff signed the release and within 45 minutes thereafter was released from jail and was given

a ride back to his place of business in Jefferson. The entire incident transpired between approximately one o'clock in the afternoon and seven o'clock the same evening.

■ We first consider the basic question of whether there was probable cause for plaintiff's arrest. This court has consistently held that if the facts are undisputed the existence of probable cause is one of law for the court. *Fleet v. May Dept. Stores, Inc.*, 262 Or 592, 597, 500 P2d 1054 (1972); *Delp v. Zapp's Stores*, 238 Or 538, 542, 395 P2d 137 (1964); *Lukas v. J. C. Penney Co.*, 233 Or 345, 361, 378 P2d 717 (1963).

■ The applicable rule of law is well summarized in the oft quoted statement in 13 ALR 142, reading as follows:

> "The general rule laid down by the authorities is that one who openly and avowedly takes the property of another without the latter's consent, in settlement of or as security for a debt bona fide claimed to be due him by the owner of the property, is, no matter what the offense may be, at least not guilty of larceny or embezzlement. * * *"

The same rule is stated in 2 Wharton's Criminal Law and Procedure 91, § 457 (1957):

> "One who openly takes property of another without the latter's consent, in settlement of or as security for the payment of a valid debt due him by the owner of the property, is not guilty of larceny if he in good faith believes that he has a legal right to do so. * * *"

To the same effect see the Supplemental Annotation, 116 ALR 997 and the following authorities: *Scott v. State*, 29 Ala App 110, 192 So 288 (1939); *State v. Sawyer*, 95 Conn 34, 110 A 461, 13 ALR 139 (1920); *People v. Baddeley*, 106 Ill App 2d 154, 245 NE2d 593

(1969); *State v. Schmidt,* 239 Iowa 440, 30 NW2d 473 (1948); *State v. Labbitt,* 117 Mont 26, 156 P2d 163 (1945); *State v. Stinnett,* 203 NC 829, 167 SE 63 (1933); 50 Am Jur 2d 205-206, Larceny § 41; 52A CJS 450, Larceny § 26 (b); Perkins, Criminal Law 265 (2d ed, 1969).

■ In this case it is undisputed that plaintiff had built the trailer for the Cox brothers, that the Cox brothers had taken the trailer before it was entirely finished and had not paid or offered to pay plaintiff for his services. It is further undisputed that the Cox brothers had parked the trailer near plaintiff's shop on premises not leased or controlled by the Cox brothers and that plaintiff had rolled the trailer into his shop and locked it to a post, that the trailer could be seen through the windows of plaintiff's shop and was seen there by the Cox brothers the next morning. It is further undisputed that the Cox brothers made a full disclosure to Lt. Bay and Deputy Phillips of all the facts, including the fact that they had not paid plaintiff for his work on the trailer and that the trailer was locked up in plaintiff's shop.

Although plaintiff may have had no right to take possession of the trailer to secure payment of his bill, we find as a matter of law that he was not guilty of larceny and that there was no probable cause for his arrest.

■ Defendants also base their defense on the release signed by plaintiff while he was being held in jail. The trial court based its finding in favor of the defendants on the release. In a letter opinion the trial court said:

"* * * Defendants deny the arrest was unlawful and further claim that a release executed by

plaintiff and in evidence establishes that plaintiff acknowledged probable cause for his arrest and waived his right to make this claim.

"Assuming without deciding that the arrest was unlawful, plaintiff did execute a release and waiver which constitutes a valid bar to his right to recover."

There is no dispute about the basic fact that Deputy Phillips told plaintiff that if he signed the release he would be released from jail. Plaintiff had been taken to the jail, forced to strip and don prison garb and was locked in a cell. Sometime later he was given a choice of signing the release or remaining in jail. The coercion inherent in such a choice is obvious. Since there is no dispute about the basic facts we hold as a matter of law that the release was obtained by duress and was therefore void. *Baldwin v. Savage,* 81 Or 379, 387-388, 159 P 80 (1916); *McNair v. Benson,* 63 Or 66, 75, 126 P 20 (1912); 17 ALR 325, 334; 17 CJS 952, Contracts § 171; 25 Am Jur 2d 357, § 4. The applicable rule is stated in 1 Page on Contracts 788, § 484 (2d ed, 1920), as follows:

"The better view seems to be that duress exists if the prisoner is actually coerced into signing an instrument that he otherwise would not have signed but for such imprisonment, whether it is lawful or unlawful; * * *"

While plaintiff pleaded in his reply that the release signed by him in jail was against public policy and without consideration, he did not plead specifically that the release was obtained under duress. This court has held that duress is an affirmative defense which must be pleaded. *Horn v. Davis,* 70 Or 498, 508, 142 P 544 (1914); *Bowl-Opp, Inc. v. Bayer,* 255 Or 318, 322, 458 P2d 435 (1970). However, in this case the defend-

ants made no effort to keep out the evidence establishing the circumstances under which the release was executed. On the contrary, much of the evidence about the signing of the release was introduced by defendants, both by cross-examination of plaintiff and from their own witnesses, particularly Deputy Phillips. Under these circumstances we think defendants clearly waived any objection for the failure of the plaintiff to specifically plead duress. *Moll v. Turnbow,* 155 Or 229, 239, 62 P2d 941 (1936) ; *Fid. R. & L. Co. v. Lincoln County Log. Co.,* 144 Or 45, 54, 23 P2d 905 (1933).

Since we find as a matter of law that there was no probable cause for plaintiff's arrest and that the release signed by plaintiff was obtained by duress, the judgment is reversed and the case remanded for further proceedings not inconsistent herewith.