87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William INGE, Plaintiff-Appellee,
v.
Max LICHTENSTEIN, Defendant-Appellant,
and
Beatrice J. Berry; City of Medford; Moss, Lt.; John W.
Bondurant; Bill, Deputy Chief; Moran, Sgt; Tim
George; Dave Ryder; Gary Armstrong;
John Does 1-10, Defendants.
 No. 95-35027.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Max Lichtenstein, a police officer for the City of Medford and a defendant in this action, appeals the district court's denial of qualified immunity. We affirm.
 
 
 3
 William Inge, plaintiff in this action, filed a 42 U.S.C. § 1983 action alleging that Lichtenstein omitted material facts from an affidavit used to obtain search warrants to search Inge's property. Lichtenstein moved for summary judgment in this action. Inge argued before the district court that Inge and a former business associate had a disagreement and that he either removed or retained certain business property because he felt he had a legitimate ownership interest in this property. The district court concluded that there was a genuine factual issue as to whether Lichtenstein knew the facts related to this business dispute at the time he sought the second search warrant and that these facts were material to a finding of probable cause. The denial of qualified immunity as to this second warrant is the only issue on appeal.
 
 
 4
 Lichtenstein concedes that there is a genuine issue of fact as to whether he knew of the business dispute between Inge and Inge's former business partner at the time he executed the affidavit for the search warrant which is at issue in this case. Lichtenstein contends that the district court's legal conclusion that this omission was material to the determination of probable cause was, however, in error.
 
 
 5
 Under the collateral order doctrine, as limited by Johnson v. Jones, 115 S.Ct. 2151 (1995), we do not have jurisdiction "to review the district court's decision that genuine issues of material fact exist for trial," but we do have jurisdiction to review the district court's legal conclusions concerning denial of qualified immunity. See Armendariz v. Penman, 75 F.3d 1311, 1317 (9th Cir.1996) (en banc). Accordingly, we have jurisdiction to consider Lichtenstein's challenge to the district court's legal conclusion that the omitted facts were material to a finding of probable cause. See id.
 
 
 6
 The district court did not err by concluding that the facts concerning a business dispute between Inge and his former business partner, insofar as these facts could support Inge's contention that he had openly taken or retained this property in settlement of or as security for a debt, was material to a finding of probable cause. See Hylton v. Phillips, 529 P.2d 906, 908-09 (Oreg.1974) (concluding that there is no probable cause for plaintiff's arrest where plaintiff has openly taken property in settlement of or as security for the payment of a debt). In light of the Oregon Supreme Court's decision in Hylton, we also conclude that a reasonable police officer would have known that the allegedly omitted facts were material to a finding of probable cause and should have been included these facts in an affidavit used to obtain a search warrant. See United States v. Stanert, 762 F.2d 775, 780 (9th Cir.) (implying that a search warrant is invalid where omissions would vitiate the finding of probable cause), amended and reh'g denied, 769 F.2d 1410 (9th Cir.1985).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3