Argued July 7, affirmed August 10, petition for rehearing
denied October 4, 1960

# HUMBERT *v.* KNUTSON ET AL

354 P. 2d 826

*Bruce M. Hall* and *Nels Peterson,* Portland, argued the cause for appellant. With Bruce M. Hall on the briefs were Peterson & Lent, Portland.

*Wallace A. Johansen* and *John T. Foss,* Coos Bay, argued the cause for respondents. With John T. Foss on the brief were McKeown, Newhouse & Johansen, Coos Bay.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and Holman, Justices.

HOLMAN, J. (Pro Tempore)

This is an action for malicious prosecution brought by the plaintiff, Jack Melvin Humbert, against the defendants Knutson, doing business as Knutson Towboat Co., F. L. Fillmore and Coos Bay Lumber Company, a corporation. The defendant Fillmore was never served. The defendant Coos Bay Lumber Company was granted an involuntary nonsuit at the com-

pletion of plaintiff's case in chief. No appeal from this ruling was made. The only defendants remaining in the case are the defendants Knutson. The jury returned a verdict against these defendants in the sum of $10,000 general damages and $20,000 punitive damages. This verdict the trial judge set aside and entered a judgment for the defendants notwithstanding the verdict. From the entry of this judgment, plaintiff appeals.

Plaintiff was a young married man of good reputation, who, with his brothers, operated a small tugboat on Coos Bay. Defendants Knutson were also the operators of vessels on the bay, but on a much larger scale than plaintiff. Defendants were employed by the Coos Bay Mill Operators Log Patrol Association to salvage logs belonging to members of the association which became adrift in the waters of the bay; defendants also carried out investigations of log piracy at the request of the association. Plaintiff and his brothers were engaged in log salvage for themselves. There had been some disagreement between defendants and plaintiff concerning the right to possession of certain logs which plaintiff had collected in the bay. Defendants had inspected plaintiff's log rafts, taken logs from him, threatened him with prosecution and warned him against salvaging logs.

Plaintiff and his brothers made arrangements with the owners of property fronting on the bay to salvage logs that had beached there. Some of these logs had brands of ownership upon them. There is a dispute in the evidence as to whether the length of time they had been there and their location were such as to make them subject to salvage despite their brands.

Plaintiff proceeded to enter upon the salvage operation, during which certain logs were "butt-ended,"

a process by which the ends of the logs containing the owner's brands were cut off and a new brand inserted thereon. Part of the logs were then pulled from the beach, rafted and towed away.

Thereafter defendants received a report from an employee of one of the mills belonging to the association that there was log piracy going on at this location, and defendants sent one of their employees to investigate. After this employee reported to them, one of the defendants inspected the premises and found logs that had been "butt-ended," and matched to the logs the "lily pads" or log ends thus cut off. The lily pads had brands on them. Defendants reported their findings to the association. They were directed to prosecute and as a result made arrangements to take the police to the premises the next morning. The next morning one of the defendants went to the premises with the police. The situation there was the same as it had been when it was inspected the previous day. After an inspection of the evidence that was there, upon request, one of the defendants put a lily pad in his pickup truck and directed his employee to pull the logs off the beach. It was the intention to hold the lily pads and logs as evidence.

Thereafter the police officers made a report of their findings to the district attorney, who, in turn, directed them to file charges against plaintiff and one of his brothers. As a result, one of the police, who was the named defendant Fillmore, filed the complaint against plaintiff and his brother, charging them with the crime of cutting out a registered mark on forest products. Pursuant to this charge, a warrant was issued and plaintiff and his brother were arrested. They were immediately taken before a justice of the peace and made arrangements to appear a few days later.

Immediately after they had left the office of the justice of the peace, they met one of the defendants, who showed them the lily pad in his truck and told them, "We told you and warned you that we would get you sooner or later * * *."

The plaintiff waived preliminary hearing before the committing magistrate and was bound over to the grand jury. The grand jury returned a not true bill. Neither defendant testified before the grand jury, although one was subpoenaed but not called to testify. Thereafter plaintiff filed this action.

Plaintiff contends that the trial court erred in setting aside the verdict and in entering a judgment for defendants. Plaintiff asserts he furnished sufficient proof to make a jury question on all the requisites of a case of malicious prosecution. These requisites he claims to be as follows: (1) that criminal proceedings were instituted against plaintiff; (2) that they terminated in favor of plaintiff; (3) that plaintiff suffered injury or damage; (4) that defendants acted maliciously; (5) that the proceedings were instituted at the instance of the defendants; and (6) that there was a lack of probable cause.

We believe that it is unnecessary to the disposition of the case to discuss any of those elements set out by plaintiff other than the fifth one listed above.

▪ A person may institute a criminal proceeding, as the word "institute" is used in a case of malicious prosecution, by either signing the charge himself or inciting or procuring another to do so. This other may be a private individual or a public officer. However, if it is a public officer and a full, complete and accurate disclosure is made to the officer and no undue influence is used upon him, thus leaving the decision to prosecute entirely to the officer's uncontrolled dis-

cretion, there is no liability on the part of the private informant if the charge proves to be false. *Christy v. Rice,* 152 Mich 563, 116 NW 200; *Bellington v. Clevenger* (Mo), 228 SW2d 817; *MacLaughlin v. Lehigh Valley R. R. Co.,* 93 NJL 263, 108 A 309; *Hughes v. Van Bruggen,* 44 N Mex 534, 105 P2d 494; *Atkinson v. Birmingham,* 44 RI 123, 116 A 205, 36 ALR 366; *King v. Martin,* 150 Va 122, 142 SE 358. This is true even though the prosecution is without probable cause and the matter was brought to the attention of the officer through malice. If pertinent information is withheld or there are misrepresentations made as to the facts, or undue influence brought to bear, there can be no intelligent exercise of the officer's discretion, and the person thus procuring the action of the officer is not insulated from responsibility. Prosser on Torts (2d ed) 648, § 98, has this to say concerning this situation:

"* * * The question of information laid before prosecuting authorities has arisen in many cases. If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable."

Comment g., entitled "Influencing a public prosecutor," under § 653 of the Restatement of the Law of Torts, which has to do with the elements of such a cause of action, states as follows:

"A private person who gives to a public offi-

cial information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving such information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

"If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution or that the information furnished by him upon which the official acted was known to be false."

■ In this case there is absolutely no evidence that the defendants withheld any vital information or misrepresented any of the facts to the officers to whom they reported; nor is there any evidence of the use of undue influence. It is true defendants instigated the investigation by the officers, but there is no evi-

dence that in so doing they did other than disclose to them all the physical facts which were apparent on the beach. Everything demonstrated to the officers was a fact, and a physical fact at that. If the physical facts did not justify the conclusion reached by the officers and the district attorney, the defendants are not responsible therefor.

■ Plaintiff apparently contends that the use of undue influence, misrepresentation and withholding can be inferred from the expressions of malice by defendants. They state as follows in their reply brief:

> "There was obvious non-disclosure to Mr. Pickett [the district attorney]. The jury, having concluded that defendants controlled the information reaching Mr. Pickett, was also privileged to confirm such concealment and non-disclosure on their part from other aspects of their behavior, including any evidence showing defendants were motivated by malice."

We do not believe that misrepresentation, withholding or undue influence can be so inferred. See *Cox v. Lauritsen,* 126 Minn 128, 147 NW 1093.

■ It may seem unconscionable that a person through malice can put in motion a criminal investigation even though he does not believe the law has been violated, where the investigation results in damage to another, and not be responsible therefor. Public policy dictates that causes of action should not be sanctioned if they tend to prevent the prosecution of the guilty. For this reason, malicious prosecution actions are not favorites of the law. Want of probable cause may be found from any situation where there could be a dispute in the facts. *Drake v. Anderson,* 215 Or 291, 334 P2d 477. Malice may be found from want of probable cause. *Brown v. Liquidators,* 152 Or 215, 52 P2d 187;

*Engelgau v. Walter,* 181 Or 481, 182 P2d 987. If instigation can be inferred from malice and a full, complete and correct disclosure without undue influence is not a defense, no person would ever dare to disclose to police officers any facts tending to indicate that another was guilty of a crime unless the facts so disclosed were capable of only one construction—that of guilt. Otherwise, there would be a question as to want of probable cause from which, in turn, malice could be found if decided adversely and, thus, responsibility for instigation attached. Public policy requires that in all cases there must be a means of insulating from responsibility without investigation of his motives, a person who makes a complete and correct disclosure to police officers of all facts without the use of undue influence.

By this holding we are not disregarding the language used in the case of *Hryciuk v. Robinson,* 213 Or 542, 326 P2d 424, which might be construed to the contrary. In this case the defendant caused his son to have plaintiff prosecuted by telling the son the plaintiff had taken the son's property without informing him that defendant had given the plaintiff permission to do so and in so doing represented to plaintiff the property was defendant's. The court in this case exhaustively examines the law as to whether an order of commitment by the magistrate at the preliminary hearing is conclusive of the question of probable cause unless it is shown that the order of commitment was obtained by perjury, fraud or other improper means at the hearing. The court comes to the conclusion that if the defendant knew at the time he caused another to institute a criminal prosecution that the accused was innocent of the charge, the fact that the commitment by the magistrate was not obtained

by perjury, fraud or other improper means was not determinative of the question of probable cause and that no public policy required otherwise.

Here we have what appears to be a somewhat parallel question where a person through malice and without reasonable belief as to guilt puts in motion an investigation by police officers but does so without perjury, fraud or other improper means. Is the independent investigation of the police officers conclusive of the question of instigation, or may its effect be nullified by a showing that the investigation was brought about by malice and without a belief as to guilt? The question has already been answered. Public policy requires otherwise, as hereinbefore demonstrated.

Plaintiff attempts to show improper instigation by inferring that the defendants told the authorities it was the plaintiff who was doing the work on the beach. If such an inference can be drawn it would make no difference because if there was such a disclosure by defendants it was absolutely true. Plaintiff was doing the work.

Plaintiff seeks to pin nondisclosure upon defendants by contending they should have investigated further by going to the owners of the land on which the logs were situate to see if plaintiff had permission to take the logs. It would be just as apparent to the police officers as to plaintiff that the logs were on someone's land and that the owner might have given permission.

The contention might be made that there was nondisclosure because defendants failed to tell the police officers of the animosity, bad feeling and prior difficulty between plaintiff and defendants, thus causing the police officers to proceed with greater caution in

analyzing the evidence turned over to them. This contention is not valid, as this prior difficulty was evidence of neither guilt nor innocence in the charge of illegal destruction of brands on forest products which was filed by the officers against plaintiff. See *Christy v. Rice,* supra.

It could be contended that the statement by one of the defendants to plaintiff, made very shortly after plaintiff's arrest, to the effect: "We told you and warned you that we would get you sooner or later," in addition to being an expression of malice, was an admission by defendants that they had falsified or withheld information from the police officers or used undue influence upon them. We believe that two things can be inferred from the expression: first, an intention to harm plaintiff, and, second, in some way helping to cause his arrest. The intention to harm plaintiff shows malice and there can be no doubt of evidence of malice in this case. Defendants did help to cause plaintiff's arrest in that they called to the authorities' attention at least part of the evidence which resulted in their being taken into custody, but we do not believe it can be fairly inferred from the statement that in so doing they misrepresented, withheld or used undue influence. The investigation of the officers and their decision to prosecute was an independent, intervening cause which was the proximate cause of the plaintiff's arrest and which insulated defendants from responsibility.

There is no evidence of procurement of this criminal proceeding by defendants as the term is used in a case of malicious prosecution. The judgment of the trial court in setting aside the verdict of the jury and entering a judgment for the defendants is affirmed.