On appellant Theodore Rose's petition for rehearing filed April 20, former opinion filed March 31, 277 Or 791, 562 P2d 188 (1977), petition denied, opinion modified May 24, 1977

ROSE (BETTY), *Respondent,*
*v.*
WHITBECK aka NETTIE DeFORD et al,
*Appellants.*
(No. 35-231, SC 24456)
564 P2d 671

David G. Frost of Frost & Hall, Hillsboro, for the petitioner.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent and Bradshaw, Justices.

BRYSON, J.

**BRYSON, J.**

Defendant Theodore Rose (Ted), on petition for rehearing, contends that upon reversing the case as to petitioner's codefendant, both as to general and punitive damages, this court should have remanded the question of punitive damages as to Ted for a new trial.

This is a question of first impression for this court. In *Fredeen v. Stride,* 269 Or 369, 375-76, 525 P2d 166 (1974), we reversed the rule of *Gill v. Selling et al,* 125 Or 587, 594-95, 267 P 812 (1928), and held that a plaintiff does not waive her claim for punitive damages against one defendant by electing to join in the same action another defendant who is not liable for such damages. The question of whether or not a defendant is liable for the entire amount of a joint and several punitive damages judgment upon appellate reversal of the judgment against a codefendant was neither raised nor briefed by the parties in *Fredeen* (Or briefs 2110). Accordingly, we did not discuss the matter in the decision of that case.

This court has recently spoken on a variation of this same question. In *Weiss v. Northwest Accept. Corp.,* 274 Or 343, 546 P2d 1065 (1975), we ordered a new trial on the punitive damages issue after determining that one of the two general damages claims sent to the jury was improper as a matter of law:

> "That part of the judgment awarding Weiss punitive damages must be reversed. The jury was instructed in essence that it could award punitive damages to discourage Northwest from engaging in certain misconduct which caused Weiss damage. The jury found Northwest had engaged in conduct damaging Weiss in the amount of $122,164.74 and other conduct damaging Weiss $2,400. We have decided earlier in this opinion that Weiss is not entitled to any damages for liability on guaranties, that is, $122,164.74. We cannot determine whether the jury awarded Weiss $500,000 because of the conduct which it found made him liable on the guaranties or for conduct which caused him to lose wages. For

this reason the award of punitive damages must be reversed.

"Plaintiff, however, is entitled to a new trial upon the issue of punitive damages. * * *" 274 Or at 351-52.

The general rule is that reversal as to one of several joint-tortfeasors requires reversal of a joint judgment for punitive damages and a new trial on that issue.[1] An often quoted case in this general area is *Washington Gas Light Co. v. Lansden,* 172 US 534, 19 S Ct 296, 43 L Ed 543 (1898), a libel action instituted against a corporation and its officers. A joint and several verdict was rendered against the corporation and two officers, but on appeal it was reversed as to the corporation and one of the officers. The court stated the following:

"We are also of opinion that even upon the assumption that no error was committed upon the trial as against the defendant Leetch, which in itself would call for a reversal, yet the judgment should be wholly reversed and no judgment entered upon the verdict as to him, because the original verdict was against the three defendants, and it was given under such circumstances that we might well fear the amount was enlarged by the evidence as to the wealth of the corporation, and it is possible, if not probable, that if a verdict had been rendered against the individual defendant alone, it would have been for a materially less amount. At any rate, the jury has never been called upon to render a verdict against a sole defendant, and while it may be said that whether against one or against all the defendants, the plaintiff suffers the same damage and should be entitled to a verdict for the same sum, still the question arises whether a jury, in passing upon the several liability of the individual defendant, would give a verdict of the same amount as it would if both the other defendants remained. We cannot say it would, and as the jury has never rendered a verdict against Mr. Leetch

---

[1] *DiGiorgio Corporation v. Valley Labor Citizen,* 260 Cal App 2d 268, 67 Cal Rptr 82 (1968); *Landseidle v. Culeman,* 47 ND 275, 181 NW 593 (1921); *Gray v. Green Const. Co. of Indiana, Inc.,* 263 SC 554, 211 SE2d 871 (1975); *Beauchamp v. Winnsboro Granite Corporation,* 113 SC 522, 101 SE 856 (1920). *See also Steel Erectors, Inc. v. Lee,* 253 Ark 151, 158, 484 SW2d 874 (1972).

individually and solely, and as the case is one where damages are so largely in the sole discretion of the jury, we think it unjust and improper to permit this verdict to stand against Leetch alone while we set it aside as against the other defendants." 172 US at 555-56.

Although punitive damages were not in fact awarded, the court ruled that the general damages in that libel action had a punitive element to them and should be treated similar to purely discretionary punitive damages, stating:

"Punitive damages are damages beyond and above the amount which a plaintiff has really suffered, and they are awarded upon the theory that they are a punishment to the defendant, and not a mere matter of compensation for injuries sustained by plaintiff. * * *" *Washington Gas Light Co. v. Lansden, supra* at 553.

■ General and special damages being compensatory in nature, it is not unfair in the typical case to hold a joint tortfeasor liable for the entire amount of such damages should the judgment against a codefendant be reversed. However, punitive damages serve no compensatory function. As we recently noted in *Roshak v. Leathers,* 277 Or 207, 211, 560 P2d 275 (1977):

"For many years it has been recognized in this state that '[t]he generally accepted doctrine [of punitive damages] is that such damages are awarded by way of punishment to the offender and as a warning to others, or, according to some authorities, by way of example.' *Martin v. Cambas,* 134 Or 257, 261, 293 P 601 (1930). The rule was more fully recognized in *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 425, 435 P2d 306, 27 ALR3d 1268 (1967):

" 'Punitive damages can only be justified on the theory of determent. See Hodel, The Doctrine of Exemplary Damages in Oregon, 44 Or L Rev 175 (1965). It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent, that the use of punitive damages is proper. * * *.' "

■ There is no logic in holding one defendant liable for the share of the punitive damages intended by the jury

to deter the conduct of a codefendant. In the instant case we do not know for what conduct or whose conduct the jury was attempting to punish and deter by its punitive damages award. It may well be that the jury considered the wealth of both defendants and would have awarded substantially less punitive damages if Nettie had been properly removed from the case. Consequently, we hold that the issue of punitive damages as to Ted must be retried. This would not necessarily be the case if the jury had, for instance, returned a verdict of $1,000 punitive damages against defendant Nettie and $15,000 punitive damages against defendant Ted. In such a case, this court, on reversing as to one defendant, would know that the jury had considered and assessed punitive damages independently as to each defendant, based on the evidence. Here $15,000 was assessed as punitive damages against both defendants jointly. Obviously, it is preferable to submit verdict forms allowing such result when there is a claim for punitive damages against more than one defendant.

■ Petitioner also contends that this court erred in finding that his failure to disclose to officer Engh that the car was a gift led to Betty's subsequent indictment.

The evidence is sufficient to support a jury finding that Ted knew at the time he first contacted the police that the car had been a gift to Betty and that he did not inform them of this fact. Consequently, the only question is whether his failure to disclose effectively deprived the police and prosecutor of the power to make an unbiased and independent assessment of the case against Betty. *Humbert v. Knutson et al,* 224 Or 133, 138, 354 P2d 826 (1960); Restatement of Torts, § 653, Comment g. We remain convinced that it did.

It is true that Betty, when later interviewed by Officer Engh, told him that the car had been given to her by her father-in-law. It is also true that this information was known to the prosecutor when he made his decision to take the case to the grand jury.

However, this does not release petitioner from liability for his failure to make full disclosure. Petitioner's failure to disclose made it appear as though there was a contested issue of fact as to whether or not the car had been a gift when in fact there was no such contested issue.

The prosecutor knew only that plaintiff, a suspected forger, *claimed* that the car had been a gift. It was not until the probate court ruled that the car was a gift that this issue was removed and the district attorney concluded that the state did not have a case against Betty. Once it was established that the car had in fact been a gift, the prosecutor requested that the indictment against Betty be dismissed.

It is apparent that if petitioner had informed the police at the outset that Betty claimed the car had been a gift, there would have been no question as to the car's status and the case would not have proceeded to indictment. It was Ted's withholding of information that caused the district attorney to put "the law in force." Consequently, we find petitioner's failure to make full disclosure to have effectively foreclosed a knowledgeable and unbiased exercise of discretion by the police and the prosecutor, and we affirm the judgment for compensatory damages assessed against petitioner.

Petition denied; opinion modified to grant a new trial on punitive damages as to defendant Theodore Rose.