Argued and submitted January 7, affirmed May 25, 1994

# David Virgil WALDNER,
*Appellant,*

*v.*

# Donald DOW,
*Respondent.*

(92C-10459; CA A78837)

876 P2d 785

Kenneth A. Morrow argued the cause for appellant. With him on the brief was Morrow, Monks & Sharp, P.C.

Robert J. Thorbeck argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

Leeson, J., concurring in part; dissenting in part.

## De MUNIZ, J.

■■ Plaintiff was charged and acquitted after two separate jury trials for the crimes of arson and murder. He then brought this action against defendant for malicious prosecution. His first claim alleged that defendant initiated or procured the prosecution of plaintiff for the crime of arson. His second claim alleged that defendant continued the prosecution of plaintiff for the crime of murder. The trial court granted defendant's motion for summary judgment. We review the record in the light most favorable to plaintiff to determine whether there are any genuine issues of material fact and whether defendant is entitled to judgment as a matter of law, *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993), and affirm.

Plaintiff, a car salesman, operated wholesale dealerships. Defendant operated a car wash shop that did business with plaintiff. Plaintiff also had a business relationship with John Lucas and extended credit to him. Lucas took out a life insurance policy, naming plaintiff as beneficiary. On March 13, 1987, plaintiff's business office was damaged by arson.

In November, 1987, Lucas' body was found at a remote location in Linn County. He had been shot in the head. Plaintiff collected the proceeds of Lucas' life insurance policy. No one was initially charged with arson of plaintiff's business or with Lucas' murder. In March, 1989, acting on a tip received from an inmate in a federal prison in Tennessee, police arrested plaintiff, defendant and a third party for the murder of Lucas. During interviews with the police while he was in custody, defendant made statements implicating plaintiff in the arson. About seven months later, defendant was subpoenaed and testified before a grand jury as one of 17 witnesses. The grand jury indicted plaintiff for arson.

During the interviews with police, defendant also implicated plaintiff in Lucas' murder. In June, 1992, plaintiff was indicted by a grand jury for the Lucas' murder. Defendant did not testify before that grand jury but did testify in the murder trial.

The Supreme Court discussed a malicious prosecution action in *Rose (Betty), v. Whitbeck*, 277 Or 791, 795, 562 P2d 188, *mod* 278 Or 463, 564 P2d 671 (1977):

"Public policy requires that those who have good reason to believe the law has been violated should be encouraged to bring that information to the law enforcement authorities to the end that those guilty of a crime may be brought to trial and punished. In order to recover for [malicious prosecution], the burden is upon the plaintiff to prove each of the following elements: (1) the institution or continuation of the original criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the prosecution. If any element is left unproven, plaintiff's case must fail." (Footnotes omitted.)

Plaintiff first argues that the trial court erred in granting defendant's motion for summary judgment on the claim for malicious prosecution for arson because "[t]he sole cause of the initiation of the arson prosecution against plaintiff was the statements defendant made to exculpate himself on the aggravated murder charge * * *." Plaintiff points to evidence that he contends demonstrates that defendant's statements were false. However, even assuming that defendant was the first to implicate plaintiff in the alleged arson, the truth or falsity of his statements is relevant *only* if the prosecution was instigated by that information.

In *Humbert v. Knutson et al*, 224 Or 133, 138, 354 P2d 826 (1960), the Supreme Court cited with approval *Restatement Torts* § 653, *comment g* at 386 (1938), entitled "Influencing a public prosecutor,"[1] which provides, in part:

"In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution or that the information furnished by him *upon which the official acted* was known to be false." (Emphasis supplied.)[2]

---

[1] That comment, with a minor grammatical change, was republished in *Restatement (Second) Torts* § 653, at 409 (1977).

[2] Illustration 5 to section 653 provides:

"A goes to B, a district attorney, and says to him, 'C has struck me with a club. I want you to prosecute him.' Upon the strength of A's story, B secures an indictment against C from the grand jury. A has procured the institution of the proceedings."

Under that standard, the fact that defendant made statements to the prosecutor is not, by itself, sufficient to support an action for malicious prosecution, even if the statements were false. Those statements must be what the prosecutor acted on to begin the prosecution.

Plaintiff's argument that defendant's statements were the "sole cause" ignores that he was charged with arson after a grand jury heard 17 witnesses and that defendant was only one of those witnesses. At most, the evidence here supports an inference that defendant's information led the prosecutor to make an investigation of plaintiff's alleged role in the arson. The record shows that, when defendant was being questioned by the police while he was in custody on the murder charge, he made statements implicating plaintiff in arson. Seven months later, the prosecutor convened a grand jury and called defendant as one of 17 witnesses to testify. The grand jury then indicted plaintiff on four arson-related counts. That evidence does not show what role, if any, that defendant's statements played in the prosecutor's decision to seek an indictment against plaintiff. In other words, the evidence does not show that the prosecutor acted on defendant's statements. *Rose (Betty), v. Whitbeck, supra,* 277 Or at 795. The court did not err in granting summary judgment to defendant.

The court also did not err in granting defendant summary judgment on plaintiff's claim based on the prosecution for murder. Plaintiff alleges that defendant "continued" that prosecution by making statements to the police after plaintiff, defendant and the third party had been indicted and arrested.

■ A person who plays an active role in continuing an unfounded criminal proceeding may be liable for malicious prosecution. *Rogers v. Hill,* 281 Or 491, 500, 576 P2d 328 (1978); *Restatement (Second) Torts* § 655 (1977). *Comment c* of that section, at 414, provides, in part:

Although that illustration is closest to the facts here, it differs in significant aspects, as seen *infra*. Defendant did not voluntarily go to the prosecutor and, given the number of the witnesses before the grand jury, it is not self-evident, as in the illustration, that the prosecutor secured the indictment solely on the strength of defendant's information.

"It is not enough that [the defendant] appears as a witness against the accused either under subpoena or voluntarily, and thereby aids in the prosecution of the charges which he knows to be groundless. His share in continuing the prosecution must be active, as by insisting upon or urging further prosecution."

Plaintiff maintains only that, had defendant not testified, or had he testified to the facts as plaintiff contends they are, then plaintiff would have been entitled to a judgment of acquittal.

Even assuming that is so, as a matter of law, a person's involvement in a criminal prosecution must be more active than helping the state to survive a motion for judgment of acquittal, in order to give rise to liability for maliciously continuing a criminal proceeding. As with the initiation of a prosecution, the defendant must have had some influence on the prosecutor's decision to continue the prosecution. The evidence on summary judgment fails to show that there is a material issue of fact as to that element, and the trial court did not err by granting defendant's motion for summary judgment.

Affirmed.

**LEESON, J.,** concurring in part; dissenting in part.

I agree with the majority that there is no genuine factual issue with regard to plaintiff's claim that defendant maliciously continued his murder prosecution. However, as much as I share the majority's hesitance to condone a disfavored cause of action, I cannot conclude from the record on summary judgment that, as a matter of law, there is no factual issue with regard to the claim for malicious initiation of the arson prosecution.

The evidence is that the arson at plaintiff's business occurred more than 27 months before plaintiff, defendant and a third party, Chris Lange, were arrested for the murder of Lucas. No charges had been filed for the arson. While in custody, defendant was questioned by police about the murder. He was asked whether he had introduced Lange to plaintiff because plaintiff was looking for someone to murder Lucas. Defendant responded in the negative, but stated that he had introduced Lange to plaintiff on a previous occasion

when plaintiff was looking for a "shady character" to commit arson. A few months later, the prosecutor brought an indictment that alleged, as defendant had stated, that plaintiff committed the arson at his own business.

A person initiates a prosecution if the person provides information that the person knows to be false or incomplete, and that information leads to a subsequent indictment. *Rose (Betty), v. Whitbeck*, 277 Or 791, 797-98, 562 P2d 188, *mod* 278 Or 463, 564 P2d 671 (1977); *see also Restatement (Second) Torts* § 653, *comment g* (1977). The majority appears to hold, as a matter of law, that plaintiff's statement did not cause the prosecutor to seek the indictment, because the prosecutor also presented the testimony of 16 other witnesses to the grand jury. That 16 other witnesses testified before the grand jury may be evidence that defendant's statement did not cause the prosecutor to seek the indictment, but it is not conclusive of that fact, as a matter of law. Assuming, as we must at this stage in the proceedings, that defendant's statement was knowingly false, and in the light of the evidence related above, I would hold that there is an issue of fact about whether defendant initiated the arson prosecution.