NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER SCOTT PETERSON, | No. 19-35102 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01955-JR |
| v. | |
| WILLIAM BRYAN PORTER, a citizen of the State of Oregon in his official and individual capacities; RONALD LEWIS TEED, a citizen of the State of Oregon, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 4, 2020
Portland, Oregon

Before: FERNANDEZ and PAEZ, Circuit Judges, and BURGESS,** District
Judge.

Christopher Scott Peterson appeals the adverse summary judgment in favor

of Appellees William Porter and Ronald Teed on Peterson's malicious prosecution

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

claims and the denial of a motion to compel. Peterson argues that Porter was not entitled to prosecutorial immunity, that record evidence showed that Teed initiated criminal proceedings against Peterson without probable cause, and that the district court should have compelled Porter to identify which documents constituted evidence of aggravated theft. We affirm.

We review de novo the district court's grant of summary judgment. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002)). We review the denial of a motion to compel discovery for abuse of discretion. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018).

As a prosecutor, Porter's decision to pursue charges against Peterson is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–270 (1993). Additionally, there is no evidence that Porter engaged in any misconduct before submitting the case to a grand jury that would give rise to a malicious prosecution claim. Therefore, the district court properly granted summary judgment in favor of Porter.

There is insufficient evidence in the record to create a genuine issue of material fact as to whether Teed initiated or continued the criminal proceeding against Peterson. There is no evidence that Teed insisted on Peterson's prosecution, exerted undue influence on Porter, made material misrepresentations to Porter, or withheld exculpatory information from Porter. Porter's decision to prosecute Peterson was an "intelligent exercise of the officer's discretion" and was not forced by Teed. *Humbert v. Knutson*, 224 Or. 133, 138, 354 P.2d 826, 828 (1960); *see also Waldner v. Dow*, 128 Or. App. 197, 201, 876 P.2d 785, 786 (1994) ("[T]he fact that defendant made statements to the prosecutor is not, by itself, sufficient to support an action for malicious prosecution, even if the statements were false."). Accordingly, the district court correctly granted summary judgment in favor of Teed.

As for the motion to compel, Porter repeatedly stated that he could not recall which incriminating evidence he possessed and relied on before presenting the case to the grand jury. In light of Porter's prior testimony, the district court did not abuse its discretion in concluding that the costs of additional discovery outweighed the likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

**AFFIRMED.**

19-35102